NEW-YORK,
May, 1809.

Wood
v.
Hyatt.

WOOD *against* HYATT.

THIS was an action of trespass *quare clausum fregit*, for breaking the plaintiff's close, called the south-east meadow, in lot No. 80. in the township of *Junius*, on the 20th day of *July*, 1805. The defendant pleaded the general issue, and *liberum tenementum.*

The cause was tried before Mr. Justice *Spencer*, at the *Seneca* circuit, in *June*, 1808.

The principal facts in this case were the same as in that of *Hyatt* v. *Wood*, (*ante*, 150.) The following are all the facts which it is thought necessary to state in addition : *Hugh Jackson*, as witness for the plaintiff, testified, that *Jackson* and *Bunnel* occupied that part of the *Green* farm which is south of the road, except the pasture and the south-east meadow ; that the plaintiff occupied the pasture ; that the plaintiff had mowed some grass himself in the south-east meadow, and that the witness mowed under the plaintiff, in the same meadow, for a day or more, when the defendant came to the meadow, and threatened to turn the witness out if he continued to mow, when the witness left the meadow, and the defendant mowed the grass. The plaintiff had other persons at work for him, in other parts of the farm, in *June*, 1805.

*Reuben S. Morris*, a witness for the defendant, testified, that on the 27th *February*, 1805, he saw the defendant in possession of lot No. 80. in *Junius ;* that *Green* was present, and gave his consent to the defendant, that he should enter into possession ; that *Green* was then in possession ; that the possession was given to the defendant in behalf of *Murray* and *Mumford*, and in consequence of an agreement between them, *Green*, and the defendant.

The judge charged the jury, that in order to maintain the action, it was not sufficient for the plaintiff to show a

Where *A.* having been in possession of land about 10 years, sold all his right, interest, and improvements to *B.* and promised to deliver the possession to him on the first day of *March* following, and acknowledged that he held the possession under *B.* it was held, that *A.* was the tenant of *B.* and having continued in possession after the 1st *March*, he became a tenant at sufferance, and that by the entry of *B.* an end was put to the tenancy, so that *B.* might maintain trespass against one claiming to hold under *A.* Such a title in *B.* is sufficient against all but the rightful owner; and in an action of trespass against him, he may plead *liberum tenementum.*
See *ante*, p. 150.

NEW-YORK,
May, 1809.

Wood
v.
Hyatt.

right to the possession merely, but he must prove that he had the actual possession at the time of the trespass complained of, and that, in his opinion, the weight of evidence was, that the defendant was in the actual possession of the south-east meadow, and that the defendant was not, therefore, liable to the action.

A motion was now made to set aside the verdict and for a new trial.

*Riker*, for the plaintiff, contended, that according to the decision of the court in *Hyatt* v *Wood*, (*ante*, 150.) *Wood* must be considered as having a title, and that *Green* being a mere tenant at sufferance under *Wood*, the possession was changed, by the entry of *Wood* on the 19th *July*, 1805, and he must, therefore, be considered as in the actual possession, so as to enable him to maintain trespass.

*Hopkins*, contra, admitted, that the entry of the landlord would put an end to the tenancy at sufferance, and change the possession, but he denied that the plaintiff had shown any title sufficient to make him a landlord. He said that it was a mere struggle between the parties for the possession.

SPENCER, J. According to the decision of the court, at the last term, *Green* is to be considered as a tenant at *sufferance*, and as the defendant came into possession under *Green*, he must stand in the place of *Green*.

VAN NESS, J. The court, in the case of *Hyatt* v. *Wood*, did consider, that *Wood* had a sufficient title to support the plea of *liberum tenementum*, and that *Green* was a tenant at sufferance. That decision, therefore, must be conclusive in the present case.

*Per Curiam.* *Green* became a tenant at sufferance to the plaintiff, after the first day of *March*, and the defendant, who held under *Green*, must be considered as standing in his

place, and as also a tenant at sufferance. The entry of the plaintiff on the *locus in quo*, before the trespass alleged, put an end to this tenancy, and made the defendant a trespasser. There must be a new trial, with costs to abide the event of the suit.

<div align="right">

NEW-YORK,
May, 1809.