Duncan, J.
delivered the opinion of the Court.
An action of assumpsit, for money had and received, is not a form of action in which conflicting titles to land, or the right of inheritance can be tried. Lady Windsor’s case, 4 Burr. 1985. Trover would not lie for entering into the lands of another, digging up and carrying away his ground. Mather v. Trinity Church, 3 Serg.& Rawle, 509. The cause of action, as found by this special verdict, is trespass quare clausumfregit; the defence of the defendant was, that the close was his freehold. Contract is not found by the verdict; nor could it be implied from the facts found; nor could the Court draw a conclusion from facts found ; for it is nothing more or less than entering into the land and possession of the plaintiff, digging up and carrying away his sand, and selling it, under an assumed claim of right. It would be strange to convert this trespasser into an agent, and sue him as a bailiff and recover the money he received for the sa'nd. This subject is fully considered in Mather v. Trinity Church, which cannot be distinguished from the present case-; for if trover would lie for the conversion, assumpsit would for the fruits arising *482 from it by a sale, and conversion into money. It is not in the power of a party to change a local into a transitory action, and try the title to land in another county ex directo, where the right to the land is the very foundation of the plaintiff's action. The controversy was one of a title claimed by the plaintiff and defendant under different grants from the state of New Jersey. If the right could be determined in this form of action, and the verdict should befor the plaintiff, thisverdict could be given in evidence in an ejectment brought in Jersey, and would conclusively entitle the plaintiff to recover; and so, if for the defendant, he could recover on the strength of this verdict. This is stronger than the case of Trinity Church ; for here must be decided between these parties, their right to land in another State. If this could be supported, then a title to lands in England, for coals dug from another’s land in that country, and transported to this country, and sold here, could be tried here. A construction of a will of lands ; the sanity of a testator; the legitimacy of one claiming as heir. It involved a naked question of title; was a contest between plaintiff and defendant, in which the sole matter in issue was a right to lands in Jersey; the only controversy respected their original titles; it was not a contract out of which the question of title to land grew; it was not a personal contract, which would give a Court jurisdiction wherever the defendant might be found, for then the circumstance that a question of title may be involved in the inquiry, and even constitute the essential point on which the case depends, would not arrest the jurisdiction of the Court. The District Court had no original jurisdiction on the direct question of the rights of these parties; and, therefore, on this special verdict, judgment must be entered for the defendant in the original action.
Judgment affirmed.