# Elliott *against* Powell.

A *tort feasor* cannot have a civil suit against the owner of the freehold, in any form, whether *trespass vi et armis*, trover, or replevin.

Title to real estate may be tried incidentally in a transitory action: *Hence*, a defendant in replevin for a crop of grain cut and carried away by him, may show that the *locus in quo* was his freehold, and that by his entry, the plaintiff's possession was divested, and he himself reinstated.

By the entry of the owner, claiming right, and the severance of the grain, it becomes his chattel, for which replevin will not lie by the former occupant. The only remedy is ejectment, and an action for the mesne profits. *Aliter*, if the grain had been sowed by the plaintiff, who was in the actual possession at the time of such severance.

x.—2 o

[Elliott v. Powell.]

ERROR to the common pleas of *Butler* county.

William R. Elliott against John Powell.    This was an action of replevin for 80 dozen of wheat in the sheaf.

The plaintiff proved that he had cleared the ground, fenced it, and put in the crop of wheat, and was in the possession of the premises; and that the defendant cut and carried away the grain.

The defendant then offered to prove that the land was his; that the plaintiff in sowing the grain was a trespasser; that he (the defendant) entered upon the premises and took the actual possession thereof, which he has maintained ever since, and *that while in* possession he cut the grain.

To this evidence the plaintiff objected.    The court overruled the evidence and sealed a bill of exceptions at the instance of the defendant.

*Gilmore*, for plaintiff in error, cited 2 *Watts* 127.

*Purviance*, for defendant in error, cited 3 *Serg. & Rawle* 509; 10 *Serg. & Rawle* 114.

The opinion of the court was delivered by

ROGERS, J.—The right of property in a chattel, which has become such by severance from the freehold, cannot be determined in a transitory action.    Hence it has been ruled in Powell *v.* Smith, 2 *Watts* 126, that replevin would not lie for fixtures separated and removed from a mill.    In that case, and in Mathers *v.* Trinity Church, 3 *Serg. & Rawle* 509, in Baker *v.* Howell, 6 *Serg. & Rawle* 476, and in Brown *v.* Caldwell, 10 *Serg. & Rawle* 114, it is ruled that a transitory action does not lie by one not in the *actual possession* of land, although he may have a good title against one who is in the *actual* possession, claiming title, to determine the right to the product of the soil.    The remedy is, for the reason therein clearly stated, by action of ejectment for recovery of the land itself, and by action for mesne profits.    The difficulty here is in the application of those principles to the facts of the case.    The defendant in replevin offered to prove title to the *locus in quo*, that he entered on the premises, which was his freehold, and cut and carried away the grain, for which the replevin is brought.    We are of opinion that the evidence was admissible, because if true, it is a flat bar to the action.    It would show that the *locus in quo* was his freehold, that by the entry the possession of the plaintiff was divested, and the defendant was reinstated in the possession of the premises.    In Altemus *v.* Campbell, 9 *Watts* 28, the chief justice, in delivering the opinion, and in this he is supported by authority, says, "an entry puts the owner for a time in the actual possession." And for this reason it was ruled that an entry on land *animo domandi* will avoid the operation of the act of limitations.    By the entry of the owner claiming right, and the severance of the grain, it becomes, as a necessary consequence, his goods and chattel; the

[Elliott v. Powell.]

incident follows the principle as the shadow does the substance. It cannot be denied that, if the plaintiff had brought trespass *quare clausum fregit*, on the plea of *liberum tenementum*, and not the general issue, the evidence would have been pertinent, because trespass cannot lie for an entry on a man's own soil. Thus a tenant at sufferance cannot maintain trespass against his landlord, although *violently* turned out of possession. Weld *v.* Cohillen, 1 *Johns. Ca.* 123. If a person, having a legal right of entry on land, enter by force, though he may be indicted for a breach of the peace, yet he is not liable to a private action of trespass for damages at the suit of the person who has no right, and is turned out of possession. Hyatt *v.* Wood, 4 *Johns.* 313. And in 13 *Johns.* 235, it is ruled that where a tenant holds over the term, and the landlord enters by force and turns him out, he cannot maintain trespass against the landlord. The remedy of the party aggrieved is by indictment on the statute of forcible entry, and not by a civil suit. A *tort feasor* cannot have a civil suit against the owner of the freehold, in any form which he may devise, whether trespass *quare clausum fregit*, *de bonis asportatis*, trover or replevin. It will be remarked that this decision accords in all points with the cases cited. If the grain had been sowed by the plaintiff, who was in the actual possession, replevin would lie, and the evidence would have been properly ruled out. But by the entry of the tenant of the freehold, he is in possession, and the owner of the grain raised on the premises. In the case of Bruce *v.* Caldwell, Caldwell was in the actual possession of the land, quarried the slate himself and for others. Bruce, who claimed the land, issued his replevin, but this the court held, under these circumstances, was not the proper remedy. It is a mistake to suppose that the title to real estate may not be incidentally tried in a transitory action. Cases may be put where the greatest injustice would result if this could not be done.

Judgment reversed and a *venire de novo* awarded.