Halleck *v.* Mixer.

---

HALLECK *et als.*, EXECUTORS OF THE LAST WILL AND TESTAMENT OF JOSEPH L. FOLSOM, DECEASED, *v.* MIXER.

A COMPLAINT in replevin, alleging that the testator was seized and possessed of certain premises at the time of his death, on the nineteenth of July, 1855, and that the plaintiffs were appointed the executors of his last will and testament, without averring, in direct terms, either previously or subsequently, the fact of the testator's death, or that he left a last will and testament, is defective as a pleading.

A complaint in replevin, alleging that F. was seized and possessed of certain premises at the time of his death; that the plaintiffs were appointed the executors of his last will and testament, and ever since their appointment have been in the possession of the premises; that certain persons, whose names are not designated, entered upon the same without authority, and cut down timber growing thereon to the amount of about three hundred cords; that the defendant afterwards also entered upon the premises, without authority, and removed the wood thus cut, and still detains it from the plaintiffs; that they have demanded the possession of the same from him, and that he refuses to deliver it to them, to their damage of $1,100—the alleged value of the wood—sufficiently shows plaintiffs' ownership of the wood.

The averments in such complaint of "unlawful and wrongful," as applied to the entry upon the premises and the cutting down of the timber, and to defendant's removal and detention of the same, may be stricken out as surplusage.

Against the cutting of timber, the owner of real property is entitled to the preventive remedy of injunction. Whilst the timber is growing, it is part of the realty, and its destruction constitutes that kind of waste, the commission of which a Court of Equity will, upon petition, restrain. When once cut, the character of the property is changed; it has ceased to be a part of the realty and has become personalty, but its title is not changed. It belongs to the owner of the land as much afterwards as previously, and he may pursue it in whoseever hands it goes, and is entitled to all the remedies for its recovery which the law affords for the recovery of any other personal property wrongfully taken or detained from its owner. And if he cannot find the property to enforce its specific return, he may waive the wrong committed in its removal and use, and sue for the value as upon an implied contract of sale.

In suits for damages for timber cut and removed, as in this case, the true rule, so far as the title to the land is concerned, is this: The plaintiff out of possession

cannot sue for the property severed from the freehold, when the defendant is in possession of the premises from which the property was severed—holding them adversely, in good faith, under claim and color of title—in other words : The personal action cannot be made the means of litigating and determining the title to the real property as between conflicting claimants.

But this rule does not exclude the proof of title on the part of the plaintiff in other cases, for it is upon such proof that the right of recovery rests.  It is because the plaintiff owns the premises, or has the right to their possession, that he is entitled to the chattel which is severed, and that must be in the first instance established.  A mere intruder or trespasser is in no position to raise the question of title with the owner so as to defeat the action.

Pennsylvania cases, recognizing this distinction, cited.

The complaint here, averring that plaintiffs were duly appointed executors of the last will and testament of the deceased, and have ever since been such executors, and as such have been ever since in the possession of the premises, is not demurrable on the specific ground that it does not show that plaintiffs are the executors of F., or have any authority to maintain the action—though it is subject to other objections.  The complaint should state the death of F. ; his leaving a last will and testament; the appointment therein of the plaintiffs as executors; the probate of the will; the issuance of letters testamentary thereon to the plaintiffs ; and their qualification and entry upon the discharge of their duties as executors.

The executors had the right to institute the action under the general authority conferred upon them by the statute.  No special authorization from the Probate Court is requisite in such cases.

APPEAL from the Sixth District.

The facts appear in the opinion.  The demurrer was sustained and judgment rendered for defendants for possession of the wood, or if that could not be had, for its value, with three hundred dollars damages for detention.  Plaintiffs appeal.

*E. B. Crocker*, for Appellants.

I.  Plaintiffs, being rightfully in possession of the land, are the owners of all wood cut on it by trespassers.  (*Sands* v. *Pfeiffer*, 10 Cal. 263; 2 Wendell's Blackstone, 404, note 8; 7 Cow. 95; 8 Wend. 505 ; *Betts* v. *Lee*, 5 J. R. 348 ; *Wingate* v. *Smith*, 20 Me. 287 ; *Davis* v. *Easely*, 13 Ill. 192; 2 Barb. 613; 2 Shepley, 216; *Farrant* v. *Thompson*, 5 Barn. & Ald. 826 ; *Morgan* v. *Varrick*, 8 Wend. 591; *Schemerhorn* v. *Bull*, 4 Denio, 425 ; *Cary* v. *Hotaling*, 1 Hill, 313 ; *Harlan* v. *Harlan*, 15 Penn. 507 ; *Rockwell* v. *Sanders*, 19 Barb. 473.)

An owner of land out of possession may maintain replevin for wood cut by one in possession without title, and the right to the wood may

be proved by showing title to the land from which it was cut. (*Sands* v. *Pfeiffer*, 10 Cal. 263; *Rockwell* v. *Sanders*, 19 Barb. 473; *Harlan* v. *Harlan*, 15 Penn. 507; 15 Ill. 192; 12 Johns. 140; 3 Denio, 79.)

II.   The complaint is sufficient. The fact that plaintiffs were in the lawful possession of the land at the time the wood was cut, was sufficient to enable them to maintain this action.

A general denial does not put in issue the right of plaintiffs as executors to sue, or compel them to prove their appointment. (*White* v. *Moss*, 11 Cal. 69.)   And a demurrer admits the fact.

*A. P. Catlin,* also for Appellants.

I.   The complaint is sufficient. The material fact is, that the plaintiffs were the executors of the last will and testament of J. L. Folsom. The making of the will; its due attestation; its admission to probate; the oath of the executors; filing of bonds; approval of bonds by the Court, are all evidences of this material fact; and if the pleader is required to allege any of them, where will he stop?

The complaint states, that plaintiffs demanded the wood and defendants refused it.

The complaint states: First, plaintiffs' possession; Second, that trespassers entered and cut the wood; Third, that defendants then entered and took it away; Fourth, that plaintiffs demanded it of defendants; and Fifth, that defendants refused it.   Nothing more can be required. (*Childs* v. *Hart*, 7 Barb. 370.)

II.   As to proving title to the land in replevin for timber cut.

Our statute gives the action to recover possession of personal property, under which the plaintiff may obtain possession of any personal property to the possession of which he may be entitled, whether he has ever been in possession of it or not.

Now, is there any limit or restraint upon the mode of proof? or rather, do the rules of evidence prevent a plaintiff from exhibiting his title to real property, where it is necessary for him to do so, in order to show his right to the personalty? If this cannot be done, then the owner of land cannot recover any property severed from the freehold by a naked trespasser, if he be not in the actual possession of the land.

The usual objection against trying the title to land in the action when contested, appears really to have no merit. The title is not tried; that is to say, it is not adjudicated. It is merely collaterally examined for a particular purpose. The title to the land is in no way affected

by the verdict. (*Sands* v. *Pfeiffer*, 10 Cal.; *Rockwell* v. *Sanders*, 19 Barb. 473; *Harlan* v. *Harlan*, 15 Penn. 507.)

*Geo. R. Moore,* for Respondent.

I.  The averment that plaintiffs "were duly appointed executors, etc.," is insufficient.  This is a conclusion of law; the facts showing that they are executors should have been averred—such as filing bond, qualifying, receiving letters, etc.  (*Myers* v. *Machado*, 14 How. P. R. 149; *Graham* v. *Machado*, 6 Duer, 517; *Beach* v. *King*, 17 Wend. 197; *Gillet* v. *Fairchild*, 4 Denio, 83; *White* v. *Joy*, 3 Ker. 83.)

II.  The averment that defendant unlawfully entered, etc., is not the statement of a fact, but a conclusion of law.  (*Ensign* v. *Sherman*, 13 How. P. R. 36; *Payne* v. *Treadwell*, 5 Cal. 311.)

III.  The complaint shows that the premises from which the wood in controversy is charged to have been taken, are held adversely to plaintiffs, and that the title to this land will necessarily be involved in the action; and under such circumstances replevin will not lie.

The action of replevin is transitory in its character, and the title to land, which is necessarily local, cannot be tried in it.  (*Mather* v. *The Ministers of Trinity Church*, 3 Serg. & R. 509; *Baker* v. *Howell*, 6 Id. 416; *Brown* v. *Caldwell*, 10 Id. 118.)

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The complaint in this case is subject to a criticism which is applicable to a large number of complaints coming before this Court.  It assumes, in some of its allegations, facts which should themselves have been distinctly and separately stated.  Thus, it alleges that the testator was seized and possessed of certain premises at the time of his death, on the nineteenth of July, 1855, and that the plaintiffs were appointed the executors of his last will and testament, without averring, in direct terms, either previously or subsequently, the fact of the testator's death, or that he left a last will and testament.  This mode of statement wants the precision and directness essential to all good pleading, and should not be countenanced.  But it is not for defects of this character that objections are urged by the respondent to the complaint.  The demurrer is, that the complaint does not state facts sufficient to constitute a cause of action; that it shows the title to real estate is necessarily

involved, and does not show that the plaintiffs are the owners of the property, or that they are the executors of Folsom, or have any authority to maintain the action.    On none of these grounds can the demurrer be sustained.

1. The material and substantive allegations of the complaint are, that Folsom was seized and possessed of certain premises at the time of his death; that the plaintiffs were appointed the executors of his last will and testament, and ever since their appointment have been in the possession of the premises; that certain persons, whose names are not designated, entered upon the same, without authority, and cut down timber growing thereon to the amount of about three hundred cords; that the defendant afterwards also entered upon the premises without authority and removed the wood thus cut, and still detains it from the plaintiffs; that they have demanded the possession of the same from him, and that he refuses to deliver it to them, to their damage of $1,100 —the alleged value of the wood. What more than this should be stated to entitle the plaintiffs to recover, it is difficult to conceive.    The averments of "unlawful and wrongful," as applied to the entry upon the premises, and the cutting down of the timber, and to the defendant's removal and detention of the same, may be stricken out as surplusage. Whilst they do no good, they do not vitiate the pleading.    By the demurrer, the allegations are admitted to be true, and there would be a singular defect in the administration of justice, if, upon their admitted truth, the plaintiffs were remediless.    Against the cutting of timber, the owner of real property is entitled to the preventive remedy of injunction. Whilst the timber is growing it is a part of the realty, and its destruction constitutes that kind of waste, the commission of which a Court of Equity will, upon petition, restrain.    When once cut, the character of the property is changed; it has ceased to be a part of the realty and has become personalty, but its title is not changed.    It belongs to the owner of the land as much afterwards as previously, and he may pursue it in whoseever hands it goes, and is entitled to all the remedies for its recovery which the law affords for the recovery of any other personal property wrongfully taken or detained from its owner.    And if he cannot find the property to enforce its specific return, he may waive the wrong committed in its removal and use, and sue for the value as upon an implied contract of sale.    (*Brown* v. *Sax*, 7 Cow. 95; *Baker* v. *Wheeler*, 8 Wend. 505; *Wingate* v. *Smith*, 20 Maine, 287; *Davis* v. *Easley*, 13 Ill. 192.)

Halleck *v.* Mixer.

2. The complaint does not show that the title to land is involved in any such sense as to preclude the action. In all cases where the owner of real estate sues for property severed from the freehold, the action must rest upon the proof in the first instance of title or right of possession to the premises in the plaintiff; and, if the position of the respondent were tenable, no action for the recovery of such property would ever lie. If the complaint alleged the title, it would, upon his argument, be demurrable; if it merely alleged ownership of the property, the party would be excluded on the trial from proof of his title, or be nonsuited on its production. The true rule is this: The plaintiff out of possession cannot sue for property severed from the freehold, when the defendant is in possession of the premises from which the property was severed—holding them adversely, in good faith, under claim and color of title—in other words: The personal action cannot be made the means of litigating and determining the title to the real property as between conflicting claimants. But the rule does not exclude the proof of title on the part of the plaintiff in other cases, for it is, as we have already observed, upon such proof that the right of recovery rests. It is because the plaintiff owns the premises, or has the right to their possession, that he is entitled to the chattel which is severed, and that must of course be in the first instance established. A mere intruder or trespasser is in no position to raise the question of title with the owner so as to defeat the action. The cases cited by the respondent from the decisions of the Supreme Court of Pennsylvania, recognize the distinction we have stated. They are all commented upon and explained by that Court in *Harlan* v. *Harlan* (15 Penn. State R. 513).

Here the complaint, so far from showing a case of conflicting titles, shows a case of lawless invasion upon the estate of the deceased, a destruction of its growing timber, and a tortious removal of the severed property by the defendant.

3. The complaint as to the appointment of the plaintiffs as executors is not liable to the specific objection taken by the demurrer. It avers that the plaintiffs were duly appointed executors of the last will and testament of the deceased, and have ever since been such executors, and as such have ever since been in possession of the premises. These averments meet the special ground of demurrer, though they are subject to other objections. The complaint should state the death of Folsom; his leaving a last will and testament; the appointment therein of the plaintiffs as executors; the probate of the will; the issuance of

letters testamentary thereon to the plaintiffs; and their qualification and entry upon the discharge of their duties as executors.

4. The plaintiffs possessed the right to institute the present action as executors under the general authority conferred upon them by the statute. They required no special authorization for that purpose from the Probate Court.

From the views we have expressed, it follows that the Court erred in sustaining the demurrer on the grounds upon which it was taken.

The judgment must be reversed and the cause remanded; and it is so ordered.