THOS. E. KIMBALL *v.* JOHN LOHMAS *et al.;* THOS. E. KIMBALL *v.* EDWARD REGAN *et al.;* AND THOS. E. KIMBALL *v.* J. H. ROBERTS *et al.*

CONSTRUCTION OF FINDINGS OF FACT.—Where there are several findings of fact, and a question arises as to their construction, they must be read together for the purpose of ascertaining the precise shade of meaning intended.

COMMON LAW.—The common law rule in relation to the right of the owner of land to recover possession of cord wood cut on the land by one in possession without color of title, commented on.

ADVERSE POSSESSION OF LAND.—Adverse possession, which will set the Statute of Limitations in motion, is of two kinds : First—Where possession is taken without color of title, but with intent to claim the fee against all comers ; Second—Where possession is taken under a claim of title founded on a written instrument or a judgment of a Court of competent jurisdiction.

ACTION TO RECOVER WOOD CUT ON PLAINTIFF'S LAND.—Where the defendant is in the adverse possession of land as a trespasser, without color of title, he is not in a position, before the Statute of Limitations has run, to contest the title of the true

owner in such a sense as to defeat a personal action brought by the true owner to recover wood cut by him on the land.

PERSONAL ACTION FOR WOOD CUT ON REALTY.—The true owner of land may maintain replevin to recover wood cut on the land by one in possession of the same without color of title.

OWNER OF FEE OWNS WOOD AFTER IT IS CUT.—Wood cut by one in possession of land without title is the property of the owner of the fee.

*Query ?*—Is not the owner of land entitled to recover possession of wood cut on the same by one in possession thereof in good faith, under color of title ?

CASE AFFIRMED.—*Halleck* v. *Mixer,* 16 Cal. 574, affirmed.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The plaintiff brought three several actions to recover possession of cord wood cut and removed from his land by the defendants while they were in possession of the land. The parties stipulated that the three cases should be heard together, and that all the testimony introduced in each case should be considered as introduced in the other cases so far as it was applicable.

The other facts are stated in the opinion of the Court.

*H. H. Hartley,* for Appellant, argued that in order to recover in this action the plaintiff must have not only the title to the land, but the actual or constructive possession of the same, and that where the defendant was in the actual adverse possession, although without color of title, the plaintiff could not be in the constructive possession, as the constructive possession followed the title only in cases where the land was unoccupied ; and cited *Harlan* v. *Harlan,* 15 Penn. 514 ; and *La Frambois* v. *Jackson,* 8 Cowan, 607. He also argued that as a personal action could not be made the means of litigating and determining the title to real property as between conflicting claimants, and that as the defendants here were in the actual adverse possession, they were contesting the plaintiff's right to the land, and therefore defendants should have recovered judgment.

*George Cadwalader,* for Respondent, argued that although one in possession of land without color of title held such

adverse possession as might ripen into a title under the Statute of Limitations, still he was not a claimant of the land under color of title, and did not occupy such a position that in an action brought against him by the owner of the fee to recover wood cut on the land, the title was in issue; and cited *Herriter* v. *Porter*, 23 Cal. 377. He also argued that the owner of land, even as against one in actual possession claiming adversely under color of title, ought to be allowed to recover wood cut on the same, because by the severance of the timber from the freehold the title was not changed, but still remained in the owner of the realty.

· By the Court, SANDERSON, J. :

Actions for personal property, consisting of cord wood alleged to have been cut and removed from the land of the plaintiff by the defendants. The plaintiff obtained judgments and the defendants appealed.

The cases come here upon a special finding of facts to which no exception was taken by either side, and it is claimed by the defendants that upon this finding the judgments should have gone the other way.

Counsel differ as to the true meaning of the finding, it being claimed on the part of the defendants that it is to be read as finding an unqualified adverse possession of the land from which the wood was cut in them; and on the part of the plaintiff that it is to be read as finding only a qualified adverse possession.

The latter reading is correct. The fifth and eighteenth findings, out of which the question of construction arises, must be read together for the purpose of ascertaining the precise shade of meaning intended. So read there is no conflict between them, and the full meaning becomes obvious.

. The first finds that the defendants "were in the adverse possession of the land at the time the wood was cut," and the latter that they " were in the possession but without title or color of title." The two read together yield the following

result : " The defendants were in the adverse possession of the land at the time the wood was cut, but were so in possession without title or color of title."

From a reference found in the conclusions of law to the case of *Halleck* v. *Mixer*, 16 Cal. 574, it is apparent that the finding was made to take on this peculiar form of expression, because of a distinction there made between cases where the defendant is in adverse possession, taken and held by bow and spear only, and where he is in under title, or color of title, founded upon a written instrument, as a conveyance, or upon the decree or judgment of a Court of competent jurisdiction ; and it is further apparent that judgments for plaintiff were rendered upon the authority of that case.

It is insisted on the part of the defendants that *Halleck* v. *Mixer* is not sound, and that there is no such distinction as that case makes; it being claimed broadly that neither replevin nor trover can be maintained at common law for property severed from the freehold while in the adverse possession of the defendant, no matter what may be the character of his possession in other respects—whether founded upon title or taken by bow and spear.

On the other hand, it is contended that *Halleck* v. *Mixer* states the common law rule correctly, and counsel further contend that whatever may be the common law rule it has no application in this State ; on the contrary, it is argued with much force that an action for the claim and delivery of property severed from the freehold, while in the adverse possession of the defendant, whether as a trespasser or under title, may be maintained in this State.   This point was made by Mr. Catlin, of counsel for the appellant in *Halleck* v. *Mixer*, but it was passed without notice by the Court for the reason, doubtless, that it was not necessary to go so far for the purposes of that case.

It is true, as argued by the learned counsel for the respondent, that the rule of the common law, whatever it may be, is of feudal origin and a part of a system which makes the adoption of particular forms indispensable to the attainment

of particular kinds and measures of relief, and not unfre-
quently refuses relief except upon conditions which now seem
arbitrary, however well founded they may have once been.
Notwithstanding the veneration with which all lawyers are
expected to regard the common law, it must be confessed
that its mode of procedure, in many respects, has but little to
recommend it as a direct and convenient medium for the
administration of justice. Many of its rules are technical and
arbitrary, and, to the understanding of the present age,
founded upon no substantial reason, and in many cases the
reasons upon which they are founded have become misty or
forgotten lore. Take the rule in hand. Upon authority it is
not easy to say precisely what it is or where it came from.
The cases by no means agree, and when they attempt a reason
they are equally wide apart. Considered by the light of
principle, there seems to be very little principle, if any,
involved. The wood in question, having been cut from the
land of the plaintiff, is as much his property now as before it
was cut. By the severance from the freehold it was changed
from real to personal property, but its title was unaffected.
So are all the cases. If, then, it is his property, why is he
not entitled to its possession? And, if entitled to the posses-
sion, why is he not entitled to an action for it? Why limit
his remedy to ejectment and damages? It may often prove
wholly inadequate. The defendant may be insolvent, and if
so the plaintiff's remedy by ejectment and damages may, so
far as the latter are concerned, result in a barren judgment.
In such a case an action like the present alone affords sub-
stantial relief, and the law ought always to afford not only a
remedy, but an adequate remedy. This reasoning is at least
persuasive. We have abolished the common law system of
procedure, with a view to the removal of all its stumbling
blocks, and to substitute simplicity and directness for com-
plexity and circuity of action; and it may be that the rule in
hand has fallen with the system of which it was a part. But
it is unnecessary to so determine in these cases, and we there-
fore reserve the question.

Adverse possession is of different kinds : First, where the possession is taken by bow and spear without color of title, but with the intent to claim the fee exclusive of any other right and to hold it against all comers, which is the kind found in the present cases; second, where the possession is taken under a claim of title founded upon a written instrument, as a conveyance, or upon the decree or judgment of a Court of competent jurisdiction.   The first is sufficient to put the Statute of Limitations in motion, and, at the expiration of five years, vest in the usurper a right under the statute which is equivalent to title ; but until the statute has run he is as to the true owner a mere intruder, without right.   It cannot be said in any just sense that as between him and the true owner a case of conflicting titles is presented until the statute has run ; or that until then there can be, as between them, any substantial contest as to the title.   But as to the other, or second kind of adverse possession, the case is otherwise. There the possession is accompanied by at least a colorable title, and an actual and substantial contest as to the title must arise whenever the party out of possession undertakes to assert his rights in any kind of action, for they occupy the position of conflicting claimants as to the true title, and not as to the possession only.   Where the defendant is in possession as a naked trespasser, and his right rests only upon a bald assertion which merely suffices to put the Statute of Limitations in motion, he is not in a position to contest the title of the plaintiff in such a sense as to defeat a personal action ; for notwithstanding he may have alleged title in himself, it turns out to be false, and at the outcome it is made clear that title, although apparently a fact in issue, is so in no just sense, but only in seeming, and is in fact only exhibited by the plaintiff collaterally for the purpose of proving his right to the property in suit.   Such is the rule announced in *Halleck* v. *Mixer*, as we understand that case, and if, as counsel for the appellants contends, that case creates an exception where none previously existed, we think it was not created too soon.

The judgments against Lohmas and Roberts are affirmed ;

but the judgment against Regan is reduced to three hundred dollars, one half of the present amount. It appears that only half of the wood sued for was cut on the land of the plaintiff, and he is not entitled to recover more than belongs to him, notwithstanding the remainder does not belong to the defendant. Doubtless judgment for the full amount sued for was entered by oversight. Regan is also allowed his costs on this appeal.

Ordered accordingly.

CURREY, C. J., concurring specially :

I concur in the judgment.

SHAFTER, J., concurring specially :

I concur in the judgment on the ground first discussed in the opinion.