[No. 7,556.—Department One.]
December 20, 1882.

## SAMUEL B. MARTIN *v.* ANTHONY THOMPSON.

ACTION TO RECOVER PERSONAL PROPERTY—CROP GROWING ON LAND HELD ADVERSELY.—An action can not be maintained to recover grain sown and harvested by defendant upon lands to which he claimed title, and of which he had the actual adverse and exclusive possession.

ID.—ID.—CASES DISTINGUISHED.—*Halleck* v. *Mixer*, 16 Cal. 574; *Harlan* v. *Harlan*, 15 Pa. St. 513; *Elliott* v. *Powell*, 10 Watts, 453; *Mather* v. *Trinity Church*, 3 Serg. & R. 509; S. C., 8 Am. Dec. 663; *Kimball* v. *Lohmas*, 31 Cal. 159; *Atherton* v. *Fowler*, 96 U. S. 515, distinguished.

LEAVE TO AMEND—DISCRETION OF COURT.—It can not be held that it is an abuse of discretion for the Court to refuse to allow an amendment to the complaint, where it does not appear from the transcript that any proposed amendment was served or presented, or that the notice of motion pointed out the precise amendment which the plaintiff would ask leave to make.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Superior Court of the City and County of San Francisco. WILSON, J.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*L. Aldrich* and *E. D. Wheeler*, for Appellant.

*Mich. Mullany*, for Respondent.

The COURT:

The action is brought to recover the possession (or the value thereof) of certain *grain* sown and harvested by defendant upon lands to which he claimed title, and of which he had the actual adverse and exclusive possession. The action can not be maintained.

In *Halleck, Executor,* v. *Mixer*, 16 Cal. 574, a demurrer to the complaint had been sustained in the Court below upon the ground that the complaint showed the title to land to be involved in such sense as precluded the action. The complaint alleged that the plaintiff's testator was seised and possessed of certain real estate at the time of his death, and that the executor, ever since his appointment, had been in *possession* of the same; that persons (whose names were not designated) had entered upon the lands without authority and cut down timber growing thereon, to the amount of three hundred cords; that defendant afterward also entered upon the premises, without authority, and *removed* the wood thus cut, and still detained it, etc. There was no suggestion or pretense that the defendant, or any other person than plaintiff

and his testator, ever had possession of the land on which the wood was cut.

It was said by the Supreme Court, in reversing the judgment of the District Court, that the complaint in *Halleck* v. *Mixer* did not show title to the land to be involved in such sense as to preclude the action. "In all cases where the owner of real estate sues for property severed from the freehold, the action must rest upon the proof in the first instance of title or right of possession (or possession) taken previous in the plaintiff; and, if the position of the respondent were tenable, no action for the recovery of said property would ever lie. If the complaint alleged the title, it would, upon his argument, be demurrable; if it merely alleged ownership of the property, the party *would be excluded* on the trial from the proof of his title, or be nonsuited on its production. The true rule is this: The plaintiff out of possession can not sue for property severed from the freehold, when the defendant is in possession of the premises from which the property was severed—holding them adversely in good faith under claim and color of title; in other words, *the personal action can not be made the means* of litigating and determining the title to the real property as between conflicting claimants. But the rule does not exclude the proof of title on the part of the plaintiff in other cases, for it is, as we have already observed, upon such proof that the right of recovery rests. * * * A mere intruder or trespasser is in no position to raise the question of title with the owner so as to defeat the action." The Court then cites with approval *Harlan* v. *Harlan,* 15 Pa. St. 513.

This was the case of *Harlan* v. *Harlan.* The plaintiff was the purchaser of certain real estate, being a cotton manufactory. Certain machinery in the mill passed to him as a part of the freehold. A fixture, part of the machinery, was detached by the former owner, and it was held that the purchaser of the real estate could maintain replevin for it.

Certain cases were cited by counsel as authority to the point that the action would not lie; but Roger, J., commenting upon those cases, pointed out the distinction between them and the case then at bar.

In the case of *Harlan* v. *Harlan,* the title to the real

property was not *disputed* by the defendant, and the Court suggested that it might be that the mere assertion of a title would avail little. "The Court looks to the substance, and where it appears in truth it is a *trial of title*, then it is properly ruled that replevin is not the proper action, but that it must be tried in another form."

It was said in *Elliott* v. *Powell*, 10 Watts, 453, as was also said in *Halleck* v. *Mixer*, *supra*, it is a mistaken supposition that title to real estate may not be incidentally tried in a transitory action, much less that replevin can not be maintained where the plaintiff can make title to the chattel only by making title to the land from which it was severed. (See also *Heath* v. *Ross*, 12 Johns. 140; *Goff* v. *Hawks*, 5 J. J. Marsh. 341; *Player* v. *Roberts*, Wm. Jones, 243.) The cases cited by the Pennsylvania Court in *Harlan* v. *Harlan* indicate the true rule. In *Mather* v. *Trinity Church*, 3 Serg. & R. 509, S. C., 8 Am. Dec. 663, it was ruled that trover for gravel from land does not lie by one who has the right of possession against one who has the actual adverse possession "and sets up title to it"— that conflicting claims of title can not be tried in the action of trover. To the same effect, *Baker* v. *Howell*, 6 Serg. & R. 476; *Brown* v. *Caldwell*, 10 id. 114; S. C., 13 Am. Dec. 660. The cases go to the point that where the property sued for has been severed from plaintiff's land, he can show his ownership of the chattel by showing his ownership of the land, unless defendant has, and had when the property was severed from the freehold, adverse possession of the land, claiming title thereto. Of course, to exclude plaintiff's right to sue for the personal property, defendant must have the *adverse* possession, *claiming title*. If a tenancy or *quasi* tenancy exists, the defendant and occupant not claiming to be owner of the personal property, as owner of the realty, the reason for precluding the personal action does not exist. (*Harlan* v. *Harlan, supra*; *Farrant* v. *Thompson*, 5 Barn. & Ald. 826; *Mooers* v. *Wait*, 3 Wend. 104; S. C., 20 Am. Dec. 667.)

But we find nowhere (except in *Kimball* v. *Lohmas*, 31 Cal. 159), that, with respect to the right of a plaintiff to resort to replevin, a distinction exists between a defendant in adverse possession of the land, claiming title by writing, and

a defendant in adverse possession, claiming title without any written foundation for the claim. The distinction seems to have been suggested by a phrase employed in the opinion of *Halleck* v. *Mixer*, with reference to a holding adversely "in good faith," etc.

But the case now before us differs in two respects from *Kimball* v. *Lohmas:* 1. The defendant claims a right to the possession under *color of title*. 2. The grain, the subject of the present controversy, was sown while defendant was in the adverse possession of the land. It did not exist, even potentially, while plaintiff had possession of the land—if plaintiff ever had possession of the land.

The present is also unlike the case of *Atherton* v. *Fowler*, 96 U. S. 513. There the hay, the subject of controversy, was cut from the meadows *set in grass* by plaintiff's testator. And besides, in that case, the District Court of the State, "having given the law on the subject very clearly" (in favor of plaintiff's right to maintain the action), and inasmuch as it related to "a doctrine not affected by the Constitution or laws of the United States," the Supreme Court of the United States held, they "must take it to have been correctly expounded to the jury." (96 U. S. 515.)

There is no precedent for an action like the present, and no good reason why this should be made a precedent.

· We can not say the Court abused its discretion in disallowing plaintiff's motion to file a second amended complaint. It does not appear from the transcript that any proposed amendment was served or presented, or that the notice of motion pointed out the precise amendment which plaintiff would ask leave to make or file.

Judgment and order affirmed.