| 63 | 3 |
| 89 | 183 |

| 63 | 3 |
| 127 | 296 |
| 127 | 311 |

| 63 | 3 |
| 135 | 11 |

| 63 | 3 |
| 142 | 544 |

[Department One.—January 2, 1883.]

## S. B. MARTIN, RESPONDENT, v. A. THOMPSON, JOSEPH WATERMAN, INTERVENOR, APPELLANT.

INTERVENTION.—A mortgagee of personal property who is entitled by the term of his mortgage to immediate possession may intervene in an action by a third person against the mortgagor to recover the specific property, and his right to intervene is not affected by the plaintiff's taking possession of the property at the commencement of the action on giving a bond as provided by the statute.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Defendant raised a crop of grain on land held by him adversely to plaintiff, and mortgaged the growing crop to the intervenor. Plaintiff as owner of the land replevied the crop as soon as harvested. The mortgagee asked leave to intervene. His application was denied and he appealed.

*Curtis H. Lindley,* and *Arthur Rodgers,* for Appellant, cited *Horn* v. *Volcano Water Co.* 13 Cal. 62; *Speyers* v. *Ishmels,* 21 Cal. 287; *Gradwohl* v. *Harris,* 29 Cal. 154; *Stich* v. *Gardner,* 38 Cal. 610; *Coburn* v. *Smart,* 53 Cal. 742; *Coffey* v. *Greenfield,* 55 Cal. 382; *Robinson* v. *Fitch,* 26 Ohio St. 659; *Heyland* v. *Badger,* 35 Cal. 404; *Butler* v. *Miller,* 1 N. Y. 497.

*Mich. Mullany,* for Respondent, cited Civ. Code, §§ 2969, 2972; *Waterman* v. *Grun,* 59 Cal. 142; *Goodyear* v. *Williston,* 42 Cal. 11

PER CURIAM.—The question here to be determined is whether a mortgagee of personal property, entitled by the terms of his mortgage to the immediate possession, can intervene in an action brought by a third person against the mortgagor for the specific property, where the plaintiff has taken possession at the commencement of the action, upon giving bond as provided by the statute.

As between plaintiff and defendant the present is like the case of *Martin* v. *Thompson,* 62 Cal. 618.

It seems to be held by the court below that intervenor's lien and right of possession was lost when he filed his petition, because, prior to that date *plaintiff* had removed the grain from the mortgagor's farm. But the chapter of the Civil Code which treats of mortgages of personal property (§§ 2955, 2972), substitutes the record of the mortgage for the actual delivery and continued change of possession in case of other transfers required by § 3440. The purpose of the actual delivery, in the one case, and of the record or registry in the other, is to give notice to those who shall deal with the vendor or mortgagor, and § 2972 only provides that the lien of a mortgage on a growing crop shall cease when the crop is removed from the premises of the mortgagor—as against *creditors* or innocent *purchasers* from the mortgagor. There is nothing in the letter of the Code which demands such construction of § 2972 as that the lien shall be lost as a consequence of the tortious removal of the crop by a third person.

When the crop was removed by plaintiff intervenor was entitled to its immediate possession. True, defendant was in the actual possession, and was authorized to recover the property as against a trespasser who should remove it. While either the mortgagee entitled to the immediate possession, or the mortgagor in actual possession, would have been entitled to bring an action of trespass (or trover, or our statutory action) against one wrongfully interfering with the property, a recovery by one would be a bar to an action by the other. So, here, the defendant and intervenor cannot *both* take judgment against the

plaintiff for a recovery of the property, or its value. In this form of action all parties are actors, seeking affirmative relief. Who should have the property in dispute, or its value? The defendant is entitled to recover it from the plaintiff, but the intervenor is entitled to it both as against the plaintiff and defendant. It is a proper case for intervention. (Code Civ. Proc. § 387.)

Judgment reversed and cause remended for a new trial, with direction to the court below to allow such amendments to the pleadings, properly applied for, as may be just and proper.

Hearing in Bank denied.