GIRD, INSANE, BY BROWN, HIS GUARDIAN *ad litem*, v. RAY.

THE Possessory Act of 1852 is intended for the benefit of actual settlers.   And where plaintiff resided upon a tract of land adjoining the land in dispute, and then located his claim under said act upon this disputed tract, by complying with its provisions so far as to mark out its boundaries, file his affidavit, inclose and plant fruit trees on about one acre of it, and occasionally work other portions thereof, but still residing on the other tract, and never actually living on this : *Held*, that he cannot recover in ejectment against a party subsequently surveying, taking possession of, and inclosing the land preparatory to claiming it under the Act of 1852 ; that whatever may have been plaintiff's rights during the period allowed for putting improvements on the premises, they were lost at the expiration of that period by his nonresidence.

*Held*, further, that if plaintiff had perfected his claim by actual residence on the land, he might have absented himself for sixty days without forfeiting his rights ; but that the fifth section of the Act of 1852 does not apply where the party has never resided upon the land.

APPEAL from the Seventh District.

Ejectment for one hundred and sixty acres of land, plaintiff claiming under the Possessory Act of 1852.   Answer, a general denial.   On the trial, plaintiff introduced in evidence his affidavit, filed Jan. 3d, 1860, in accordance with the act.   He then proved by a witness that the boundaries of the land embraced in the affidavit—being the tract in dispute—were marked out by blazing trees at short distances, driving stakes and piling up rocks, so that the lines could be readily traced ; that one acre of this tract was inclosed and planted in vines and fruit trees, and that there was a water ditch on the place dug for irrigation, and a house thereon fifteen by eighteen feet in size, used as a storehouse for seeds and

tools; that plaintiff since Jan. 1st, 1860, had worked on the claim occasionally both inside and outside of the inclosure, planting trees, clearing ground, hauling fencing, timber, etc., up to ————, when he became insane; that the improvements were worth eight hundred dollars; that at the time the claim was so marked out no one except plaintiff had possession of any part thereof; that plaintiff said while marking out the land that defendant claimed it, and had surveyed it preparatory to locating it; that Feb. 1st, 1860, defendant took possession of a large portion of the tract by fencing and inclosing the same against plaintiff's protest; that plaintiff lived upon a part of the land adjoining the tract in dispute, being part of the Fitch grant, which plaintiff had long occupied and cultivated.

On this proof plaintiff rested; defendant moved for a nonsuit, on the ground, among others, that plaintiff had not proved actual occupation of the premises by himself according to the Act of 1852. Motion granted, and judgment for defendant. Plaintiff appeals.

*S. D. Latimer*, for Appellant, to the question, What is occupancy within the meaning of the statute? cited Bouvier's Dic., Occupant; Jacob's Dic. Occupancy; *Broomfield* v. *Reynolds*, 4 Bibb, 388; *Chiles* v. *Stevens*, 3 A. K. M. 347; *Jackson* v. *Sill*, 11 Johns. 200; Opinion of Attorney General Mason in Lester's Land Laws, 380.

*Jackson Temple & J. B. Harmon*, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The act prescribing the mode of maintaining and defending possessory actions (Wood's Dig. 526) was intended for the benefit of actual settlers. The plaintiff failed to show that he ever resided upon the land claimed by him under the provisions of that act. The suit was brought more than four months after the location of the claim, and whatever his rights may have been during the period allowed for putting improvements upon the premises, they were lost at the expiration of that period by reason of his non-residence. If his claim had been perfected by an actual residence

upon the land, he might have absented himself for the period of sixty days without incurring a forfeiture of his rights; but the provisions of section five of the act were not intended to apply to the case of a person who had never resided upon the land claimed.

Judgment affirmed.