No. 2,250.

JOSEPH WOLFSKILL AND CLEMENTE CRUZ DE CORONEL, APPEL-
LANTS, v. ANTONIO MALAJOWICH, RESPONDENT.

STATUTORY CONSTRUCTION. — POSSESSORY ACT. — No one can obtain the benefit
and protection of the Possessory Act of this State, and of the Acts amendatory
thereto, but they who actually reside upon the land.

IDEM. — OCCUPANT. — The term "occupy," as employed in the Possessory Act, is
equivalent to the term "reside upon."

IDEM — CONSTRUCTIVE POSSESSION UNDER. — The right to be protected in his con-
structive possession is a personal right accorded to the claimant, who complies
with the Act, and, if assignable at all, is clearly only assignable to one who
shall actually reside upon the land.

IDEM. — Constructive possession of what is known to be public land cannot be
established, except by a compliance with the provisions of the Possessory Act.

POSSESSION OBTAINED BY ENTRY UNDER A DEED. — Possession of a whole tract
by entry on a part, under a deed calling for the whole, can only be obtained
when it appears: First — That the deed is for a specific parcel of land, with dis-
tinct boundaries, and purports, on its face, to convey an estate in the whole tract,
which entitles the grantee to the possession of the whole. Second — That the
grantee entered under the deed, believing, in good faith, that by virtue of the
deed he had acquired an estate in the land, which, in law, entitled him to the
possession of the whole tract. Third — That there is no adverse possession.

The cases of *Hicks* v. *Coleman* (25 Cal. 122), and *Ayres* v. *Bensley* (32 Cal. 620),
commented upon and qualified.

ACTION FOR THE RECOVERY OF LAND. — PRACTICE. — In an action for the recovery
of land, possession gives the better right against a mere intruder; and when the
possession is shown in the plaintiff, a nonsuit should not be ordered.

*Per* RHODES, C. J.:

Has the Legislature competent power to confer upon a settler upon the public
lands of the United States constructive possession of any parcel of such lands?
*Quere?*

APPEAL from the District Court of the Seventeenth Dis-
trict, Los Angeles County.

The case is stated in the opinion.

*Glassell, Chapman & Smith,* for Appellants.

Domingo and Mrs. Coronel, at the time of defendant's
entry, were in possession of the land under a deed describing
the entire tract. To use the words of the Court in *Hoag* v.
*Pierce* (28 Cal. 191), they "were, in legal contemplation, in
the actual possession of the land, within the doctrine of
*Hicks* v. *Coleman* (25 Cal. 122), and the cases there cited."

"It is the settled doctrine of the law, repeatedly affirmed
by this Court, that the prior possession of the plaintiff, or

the parties through whom he claims, is sufficient evidence of title to support the action of ejectment." (Field, J., in *Nagle* v. *Macy*, 9 Cal. 427, citing 4 Cal. 33; *Id.* 70; *Id.* 94; *Grady* v. *Early*, 18 Cal. 108; *Hubbard* v. *Barry*, 21 Cal. 321.)

Prior possession of uninclosed land under color of title is equivalent, so far as the right to recover against a trespasser is concerned, to actual inclosure. (*Hicks* v. *Coleman*, 25 Cal. 122; *McKee* v. *Greene*, 31 Cal. 418.)

Under the view of the case we have taken, it is unnecessary to determine whether or not rights obtained under the Possessory Act can be transferred or conveyed. The general principle is, that every right in land can be conveyed, and it is difficult to see why this should be made an exception. Our title, however, is entirely independent of the Act. It is well settled that the right of possession of public land is property; that it may descend, be mortgaged or be sold. (*Green* v. *Howley*, 5 Cal. 486; *Whitney* v. *Buckman*, 13 Cal. 539.)

The case of *Hoag* v. *Pierce*, cited above, is precisely similar to this case in every respect that bears upon appellants' right to recover.

*Kewen & Howard*, for Respondent.

The deed from Gregorio Fraijo to Juan Domingo and C. C. Coronel is a nullity. Its consideration is ignored by appellants in their argument.

The right to pre-emption is pronounced unassignable in 13 Cal. 539.

"The Possessory Act of 1852 is intended for the benefit of *actual* settlers. The plaintiff failed to show that he ever resided upon the land." (17 Cal. 352; *vide*, also, 15 Cal. 46.)

Though no direct decision has been made by your tribunal on the point, the doctrine has been constantly conceded that the sale of a possessory or agricultural claim on public land in this State is merely a contract for an abandonment of possession by the vendor to the vendee, and such an abandonment as will enable the vendee, under the statute, to treat the claim as unoccupied public land, and by his own

compliance with the requirements of the Act to appropriate
the claim to himself.

The Possessory Act itself, in its every feature and pulse,
contemplates actual occupancy by the declaror, and repels
all idea of tenancy or assignment.

"If possession," says Mr. Justice Murray (6 Cal. 147),
could be acquired "by proxy, the intention of the statute
would be defeated and the public lands of the States be
monopolized by speculators, instead of furnishing farms to
*bona fide* settlers." The power to assign would entail like
evil results.

In our case, Fraijo assumes to convey his possessory
claim.

Domingo assumes to convey "the same land for which
Gregorio Fraijo filed a possessory claim."

So the *title* of appellants is a possessory claim.

The conveyances of Fraijo and Domingo were nullities.

Appellant's have proved the title in the Government with-
out afterwards proving any act or acts lawfully constituting
an appropriation to themselves of public land.

"He who makes title to a tract of land, and is in posses-
sion of part, is in possession of the whole; but *it is the title
which constructively extends the possession*." (1 Paine, 458;
1 Serg. & Rawle, 111; 3 Har. & McHen. 621.)

No occupancy was established in appellants, actual or by
agency.

They exhibited no deed with metes and bounds. Their
deeds were null, and in violation of law.

The only deed of record was that of Fraijo, made so
eighteen months after defendant's occupation, and some
seven months after suit was brought.

Assertion of claim was made vaguely, and by three differ-
ent parties. No deed ever hinted at to defendant—no metes
and bounds asserted.


CROCKETT. J., delivered the opinion of the Court:

This is an appeal by the plaintiffs from a judgment of
nonsuit in an action to recover the possession of land. The

plaintiffs claim under conveyances from one Fraijo, who, in September, 1865, filed a proper affidavit, in accordance with what is known as the Possessory Act of this State (Statutes 1852, p. 158) and the Acts amendatory thereof. The proof shows that immediately after filing the affidavit, Fraijo erected improvements on the place, of the value of $400, cultivated a portion of it, and actually resided on it until September, 1866, when he sold and conveyed all his interest in it to one Domingo, and the plaintiff, Coronel, who took possession of the house and improvements by their servants, and cultivated portions of the land; but neither of them ever resided upon it. Subsequently, Domingo sold and conveyed his interest to the plaintiff, Wolfskill. The defendant showed no title, and there was no evidence tending to prove that, at or about the time the defendant entered, he had notice of the claim of the plaintiffs and their grantors.

It is quite evident the plaintiff cannot maintain the action by virtue of the provisions of the Possessory Act alone, the second section of which provides that "no person shall be entitled to maintain any such action for possession of or injury to any claim, unless he or she occupy the same, and shall have complied with the provisions of the third and fourth sections of this Act." The fifth section authorizes the claimant to absent himself from the premises for a period not exceeding twelve months, on paying a certain sum to the County Treasurer.

That the original claimant, Fraijo, could not have maintained the action under the Act, without an actual residence on the land, will not admit of debate. (*Gird* v. *Ray,* 17 Cal. 352.) The plaintiffs are in the same category. They cannot claim the benefit and protection of the Act, unless they reside upon the land. The language of the statute is : "*No person* shall be entitled to maintain any such action," etc., "unless he or she *occupy* the same." The term "occupy," as here employed, is equivalent to the term "reside upon" the land, and such has been the construction uniformly placed upon it. The Act, as we have repeatedly held, was intended to promote the settlement and occupation of the public domain, in small parcels, for agricultural purposes, by actual settlers.

But this purpose might be wholly defeated, if the claimant, after complying with the Act, could sell out his claim to a speculator, abandon the profession and take up a new claim, only to repeat the process of selling out again to the same or another speculator. If all the successive claims could be protected under the Act, in the hands of speculators who never resided on the land, it is not difficult to foresee that the possession of large bodies of the public land would be quickly held on speculation, and *bona fide* settlers would be excluded from their occupation. Such a construction of the Act would defeat the main purpose for which it was enacted; and instead of fostering the occupation of the public domain in small parcels, by actual settlers, for agricultural purposes, it would result in aggregating it in large bodies, in a few hands, for merely speculative purposes. Upon our construction of the Act, no one can maintain an action by virtue of its provisions, unless he has actually resided on the premises. The right to be protected in his *constructive* possession, is a personal right, accorded to the claimant who complies with the Act; and if assignable at all, is clearly only assignable to one who shall actually reside upon the land.

The plaintiffs, however, claim to have brought their case within the principles announced in *Hicks* v. *Coleman* (25 Cal. 122), and *Ayres* v. *Bensley* (32 Cal. 620), and insist, that, inasmuch as they entered under deeds conveying the whole tracts by metes and bounds, they thereby acquired the actual possession of the whole. The propositions announced in those—and, perhaps, some subsequent cases in this Court, in respect to the effect of an entry under a deed in establishing a possession of the whole tract—in my opinion, require to be somewhat modified. This modification was accomplished, to some extent, in the cases of *Walsh* v. *Hill* (38 Cal. 481), and *Cannon* v. *Union Lumber Co. (Id.* 672.) In these cases, we held that a party entering under a deed from one in the actual possession of only a small portion of the land conveyed, and who has no title, or claim of title, to the remainder, as was well known to the grantee, does not thereby acquire the *constructive* possession of any portion of

the tract, and succeeds only to the actual possession of the squatter. But, in my opinion, these cases stop short of the true rule, and the public interest demands that we should return to it. Where the lands conveyed are held in private ownership, or are in good faith supposed by the parties to the transaction to be so held, and the grantee enters in good faith under his deed calling for specific boundaries, believing that he has acquired a valid, legal or equitable title to the whole tract, it is very properly held, that, in such a case, an entry upon a part, in the name of the whole, establishes a possession co-extensive with the boundaries described in the deed, except as against others in the actual possession.

The entry is in harmony with the claim of title; and being made in good faith, *under the deed*, and the grantee relying upon it as a valid muniment of title, operative to convey an interest in the whole tract, sound reasons of justice and public policy demand that his possession should be deemed to be co-extensive with the calls in his deed, provided that no other person be in the actual possession. But the reason for the rule wholly ceases when the grantee, at the time he took the conveyance, knew the land granted to be a part of the public domain, and that the deed was wholly inoperative to convey any title, either legal or equitable. In such a case a constructive possession of the whole would not be in harmony with his claim of title; for he well knew when he entered that he had no title whatever. To hold that an entry on a part of the tract, under a deed which the grantee knew conveyed no title, would establish a constructive possession of the whole, appears to me to be not only subversive of every principle of reason and justice, but at variance with the whole theory on which a constructive possession can be maintained in any case. Nor can any support to the proposition be derived from the fact that in this State public lands are deemed to be the property of the first possessor, except as against the paramount title of the Government. In such cases the presumption of title extends only to the actual possession—the *possessio pedis;* and I know of no method in this State by which there can be established a

constructive possession of public land except by a compliance with what is known as the Possessory Act of 1852 and the amendments thereto, unless it be in cases where the parties to the transaction, or at least the grantee, dealt with it in good faith under the belief that it was held in private ownership and was no longer a part of the public domain. In my opinion, any prior decisions of this Court, which are in conflict with these views, should be overruled.

The rule should be limited, in my opinion, to cases wherein it appears : First—That the deed is for a specific parcel of land, with distinct boundaries, and purports, on its face, to convey an estate in the whole tract, which entitles the grantee to the possession of the whole ; Second—That the grantee entered under the deed, believing, in good faith, that under and by virtue of the deed, he had acquired an *estate in the land,* which, in law, entitled him to the possession of the whole tract. An entry, under those conditions, would establish a constructive possession of the whole tract, except as against an actual adverse possession.

The plaintiffs, when they took their conveyances, knew the land to be a part of the public domain, and that the deeds conveyed no title, either legal or equitable. They succeeded, therefore, only to the *actual* possession of Fraijo, and did not acquire the *constructive* possession of the whole tract. But there was some testimony tending to show, that Fraijo had the *actual* possession of a portion of the land now occupied by the defendant. The witness (Coronel) testifies, that "the very portion of the land now occupied by defendant was cultivated by Fraijo." This certainly tended to show an actual possession of that portion of the land—and for this reason the motion for nonsuit ought to have been denied.

Judgment reversed, and a new trial ordered.

RHODES, C. J., delivered the following opinion :

While concurring with Mr. Justice CROCKETT in the opinion and judgment herein, I deem it proper to add, that while agreeing with him in the construction of the terms of the "Possessory Act" of this State, I am unwilling to give

countenance, even inferentially, to the idea that the Legislature of this State have competent power to confer upon a settler upon the lands of the United States, *constructive* possession of any parcel of such lands.

WALLACE, J., also, filed the following opinion :

A sufficient answer to the motion for a nonsuit existed in the fact that a portion of the premises sued for had been in the prior actual occupancy and cultivation of Fraijo, under whom the appellants claim the right of possession.    I, therefore, concur in the judgment of reversal, but express no opinion as to the other points considered by my associates.