[No. 2,477.]

## W. E. HUGHES v. H. T. HAZARD AND JOHN DOE.

POSSESSION OF PUBLIC LAND—FURROWS AND STAKES.—In ejectment for a portion of a tract of land taken up by plaintiff's grantor under the Possessory Act of April 20th, 1852 (Stats. 1852, p. 158), where it appeared that all the acts done were, that such grantor, besides filing his claim and affidavit, built a fence on one side, ran furrows around the whole tract, put stakes at the corners and along the lines, occupied and cultivated a portion not embraced in the suit, and while so occupying and cultivating sold to plaintiff, but by consent remained in possession till his crop was off. *Held*, insufficient to prove either actual or constructive possession in the plaintiff of the land sued for.

DEED OF POSSESSORY CLAIM DOES NOT CONVEY CONSTRUCTIVE POSSESSION.—Where the vendor of a tract of land taken up under the Possessory Act (Stats. 1852, p. 158,) remained in possession, with vendee's consent, of the only portion ever actually occupied by him, and vendee never entered.

under his deed; *held*, that whether such possession by the vendor might be considered as an entry under his deed by the vendee or not, the deed would certainly not extend the vendee's possession by construction to any portion of the tract never in the actual possession of the vendor.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

Ejectment for eighty acres of land in Los Angeles County. There having been a judgment for defendants, and motion for new trial overruled, plaintiff appealed.

The other facts are stated in the opinion.

*A. Brunson*, for Appellant.

The boundaries of the claim of Quijada, plaintiff's grantor, were well defined. They were marked by furrows and ditches, and that in a county where nine tenths of the crops are and for the last twenty years have been raised without fence or inclosure. These facts are entitled to some significance, as they enter into the reason of the law, and for that reason become a part of the law itself. It was not necessary under the Possessory Act that Quijada should have the entire tract inclosed in order to have the legal possession of the whole, or to eject a naked intruder. (Hitt. Gen. Laws, Sec. 6,795; *Keane* v. *Cannovan*, 21 Cal. 291; *Doran* v. *Central P. R. R. Co.*, 24 Cal. 248; *Moon* v. *Rollins*, 36 Cal. 333.)

A purchaser in good faith from a prior possessor in good faith can expel a mere naked trespasser from lands claimed by metes and bounds, whether inclosed or uninclosed, especially when the lines and exterior limits are all plainly marked on the soil and traced upon the public records of the county. Nor can we see that this principle, recognized as law by the authorities, has been overruled by *Wolfskill* v. *Malajowich*, 39 Cal. 276.

*H. T. Hazard*, for Respondents.

The deed from Quijada to plaintiff was void as to the land

in controversy.   Quijada himself never had possession of it, and there is no pretense that plaintiff ever was on it.   There was no constructive possession in the plaintiff.   (*Cannon* v. *Union Lumber Company*, 38 Cal. 672.)

The decision in *Wolfskill* v. *Malajowich*, 39 Cal. 276, is a sufficient answer to the argument on the other side.   It is there clearly held that an entry on part of a tract of land under a deed which the grantee knows conveys no title, will not establish constructive possession of the whole tract.   In this case, therefore, even if the plaintiff had made an entry, which he did not, it would not aid him.

By the Court, TEMPLE, J.:

Action of ejectment, in which the plaintiff relies upon the prior possession of his grantor.   On the trial the plaintiff proved a claim and affidavit made by his grantor under the Act known as the Possessory Act, passed April 20th, 1852, for a tract of land, including the tract in controversy.   He also proved the occupation by his grantor of a portion of the land described in his possessory claim, but not of any portion of the land now in the possession of the defendants, except that the witness states that he had a fence on one side, and furrows were run with a plow around the whole tract, and stakes set at the corners and along the lines.   This is manifestly insufficient to prove actual possession.   After the conveyance to plaintiff, his grantor remained in possession, with plaintiff's consent, until he had removed his crops. Plaintiff never entered into possession of any portion of the premises under his deed.   The possession of the vendor, after the deed was executed, was in accordance with the contract of sale.   But if the continued possession of the vendor, with the consent of the plaintiff, can be considered as an entry under his deed on the part of the plaintiff, it does not appear that he had the actual possession of any portion sued for,

and the deed, under such circumstances—the lands being public lands, were never in the possession of the vendor—would not extend his possession by construction.   (*Wolfskill v. Malajowich,* 39 Cal. 276.)

Judgment and order affirmed.