## BALDWIN v. SIMPSON.

Where a party takes possession of a tract of land, and incloses it with a fence consisting of posts seven feet apart, and one board, six inches wide, nailed on to the posts, and the same is not sufficient to turn cattle, and the land is not cultivated, such possession is not sufficient to sustain an action of ejectment as against a party in possession of a part of the tract, under a deed to the whole.

Possession of a part, under a deed to the whole tract, where the possessor's grantors had the land surveyed, and the lines marked by the blazing of trees, is sufficient possession as against a party who enters upon a part of the tract, and builds a fence wholly insufficient for any other purpose than to mark the line of his claim.

APPEAL from the Eleventh District, County of Placer.

This was an action to recover the possession of a tract of land, and for an injunction to restrain the defendant from cutting and moving timber therefrom.

The land in controversy is probably a part of the public domain. The claims of both parties are stated in the opinion of the Court. The cause was tried in the Court below by a jury, who returned a verdict for the defendant, and judgment was entered thereon ; plaintiff appealed to this Court.

*Tuttle & Hillyer* for Appellant.

*B. F. Myers* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

This was a controversy for a piece of land—forty acres. Defendant claimed under a deed for four hundred and eighty acres ; his predecessor had it surveyed and the trees blazed ; and the defendant entered under the deed into actual possession. The plaintiff afterwards entered upon this forty-acre tract, but did not reside on it. He inclosed it with a board fence, but the fence was insufficient to keep out cattle, etc.—the fence being one board in height. The land was not cultivated in any way, and was chiefly valuable for its timber.

We do not think the points of appellant well taken. The plaintiff

was not entitled to recover on this statement, against the defendant. He had no sufficient possession to justify a recovery against the defendant.  The fence, such as it was, if sufficient under other circumstances to show possession, was not sufficient as against a party in possession of part, under claim to the whole.   We do not see why a survey, a stake and blazed trees, are not equal to such a fence as this was, to show possession.   The rule, we believe, is general, that a party entering under a deed with specific boundaries, and holding actual possession of part, is to be taken as against a mere trespasser, as in possession of all the land within the boundaries of his deed; at least, he could not be dispossessed by one who merely comes on part of the land, to build a fence entirely insufficient for any other purpose than to mark the line of his claim.

Upon this admitted state of facts, the plaintiff was not entitled to recover, and the Court might have so charged the jury.   The plaintiff was not prejudiced by the errors assigned, if there were any; but we think there was no material error.

Judgment affirmed.