## FREDERICK A. HIHN *v.* THOMAS COURTIS *et als.*

INGOLDSBY *v.* JUAN.—In *Ingoldsby* v. *Juan*, 12 Cal. 562, the point really decided was as to the validity of a deed made by Donna Maria Castro, wife of Louis Depeaux, to her eight children, dated August 29th, 1850, conveying to said children eight ninths of two large tracts of land, the separate property of said Donna Maria.

*Stare Decisis.*—Where a decision of this Court was made several years ago, affirming the validity of a deed conveying a large amount of real estate, under which decision important rights may have been acquired, the Court will not re-examine the grounds of the decision, but on the principle of *stare decisis* will allow it to stand.

APPELLANT'S POINTS.—Points upon which the appellant relies to reverse the judgment should be made in his opening brief.

STIPULATION AS TO ERRORS IN RECORD.—Where the record contains a stipulation that there is no error therein to the prejudice of the appellants, provided the title to the whole of a tract of land did not pass by a certain deed in controversy, and the case is argued by appellants' counsel on that theory in his opening brief, and the Court holds that the title to the whole tract did not pass, it will not notice other alleged errors on petition for rehearing.

CASE AFFIRMED.—*Ingoldsby* v. *Juan*, 12 Cal. 564, affirmed.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

There were a large number of defendants. The plaintiff and several of them claimed title under the deed from Donna Martina Castro, wife of Louis Depeaux, to her eight children. This deed did not contain the name of her husband as a grantor, nor was it signed by him. On the deed, and below the acknowledgment of the wife, was the following:

"I have read the foregoing, and fully agree with the conveyance therein made by my wife.

"LOUIS DEPEAUX."

The deed was executed August 29th, 1850, and the indorsement signed by the husband was cotemporaneous with it, both being parts of the same transaction.

On the 22d day of January, 1855, Louis Depeaux, and Martina Castro, his wife, executed and acknowledged a joint deed of the entire property to the Rev. Joseph Saduc Alemany, and Rev. John Francis Lleberia.   The defendants, Thomas Courtis, in his own right and as administrator of the estate of Juan Ingoldsby, Mary E. J. Slade, Henry Laurence, Cyrus Coe, and John Wilson, claimed under this last deed.   The Court below decided in favor of the validity of the first deed in making the partition, and the defendants last named appealed.

The other facts are stated in the opinion of the Court.

*William H. Letcher, John Wilson,* and *Selden S. Wright,* for Appellants.

*R. F. Peckham, D. S. Payne,* and *J. R. McConnell,* for Respondents.


By the Court, SAWYER, J. :

This is an action for partition of the "Augmentation to the Soquel Rancho."   The several appeals are in all respects like those in the case of *Peck* v. *Courtis, ante,* 207.   The same objections are taken to hearing the appeals, and the same grounds of objection exist in this as in the other case, except that in the record now before us, the final judgment appears to have been rendered on the 8th of August, 1864, consequently the appeal taken July 10th, 1865, was within a year thereafter, and in due time.   On the appeal from the final judgment the record presents but one question—the only one in fact argued by appellants—and it is, to say the least, doubtful whether that is properly presented ; but as the simplest and perhaps the most satisfactory mode of disposing of the case, we shall regard the question as properly before us.

On the trial before the referee, a conveyance of eight ninths of two large tracts of land from Donna Maria Castro, wife of Louis Depeaux, to her eight children, Niconora Coto and others, dated August 29th, 1850, was introduced in evidence under objection and exception on the part of the appellants.

If this deed was properly received in evidence, then there is no error to the prejudice of appellants apparent on the record, and the judgment must be affirmed. The conveyance is of land which constituted a part of the separate estate of Martina Castro, wife of Depeaux. The objection to the deed is, that it is improperly executed, and, if properly executed in other respects, is not duly acknowledged under the provisions of the Act of 1850, concerning conveyances, and section six of the Act of the same year, defining the rights and duties of husband and wife; and that it is, therefore, void upon its face, and failed to pass any interest of Donna Martina Castro to the nominal grantees, some of whom are respondents—the numerous other respondents claiming under them through said deed.

The deed in question is the same which was the subject of discussion in the case of *Ingoldsby* v. *Juan*, 12 Cal. 564, and reference to that case is made for the facts in regard to it. The question raised is precisely the same as the one before presented and determined. The administrator of John Ingoldsby, the plaintiff in that case, is now one of the appellants, and the others claim, in part, at least, under said Ingoldsby.

With a view of breaking the force of the former decision upon the validity of this conveyance, it is claimed that the point as to the validity of the deed, although discussed, was not necessarily involved, and not determined. The Court which decided the case was manifestly of a different opinion. In the beginning of the opinion, after stating that the case presents many interesting questions, the Court say : " We do not consider it essential to the disposition of this case upon the merits to pass upon them all. *The main question, which, we think, disposes of the question of title, rests upon the validity of the deed set up by the defendants in bar of the plaintiff's action. The deed,* being the predicate of the title of the defendants, *was ruled out, because, under the statute of* 1850, *it did not convey the title of the grantor, Martina, in the premises.*" (573–4.) After an elaborate discussion of the question as to the validity of the deed, at the close of the opinion it is again

said : "We have avoided the expression of any opinion upon many questions presented by the record, and have assumed some positions more for the purpose of argument than with a view to decide them, *the real question passed upon being the validity of the deed from Martina and Depeaux.*" (580.) Manifestly the point in question was the very point, and the only one, discussed and decided.

The record in the former case shows, what does not appear in the report, that the deed, with all its indorsements thereon, including the second acknowledgment before the County Judge, was before the Court in that case in precisely the same form as it is presented in the record now ; that the objections on the ground of defective execution, defective acknowledgment and defective authentication of acknowledgment were taken at the trial in the District Court, and were presented then, as now, in the form of objections to the introduction of the deed when offered in evidence ; and that the objections were relied on in the argument at the hearing on appeal. The questions thus presented were necessarily determined by the Court in holding the deed to be valid.

It is next insisted that, if decided, the determination was clearly wrong and the case ought to be reconsidered by this Court and, if found erroneous, overruled. These positions are supported by an elaborate argument. We are fully satisfied, however, that if the point determined with reference to this deed may not be regarded as in some sense *res adjudicata,* the case is one eminently requiring the application of the principles of *stare decisis,* so far, at least, as this particular deed is concerned. The deed purports to convey eight undivided ninths of two entire Mexican grants, embracing within their limits several square miles of land—the number not designated. It is now about eight years since it was judicially determined, upon an elaborate and thorough consideration by the Court of last resort, that the instrument in question is a valid conveyance of the lands in controversy, and the determination depended upon a construction of the provisions of

our own statute.  That decision has become a rule of prop-
erty with reference to this land, and many parties may have
purchased portions of it during the last eight years on the
faith of the adjudication.  Certain it is, from the number of
parties to this and the other suit referred to, decided at this
term, that many persons are interested in the lands in contro-
versy.  To overturn the former adjudication under such cir-
cumstances because a majority of the present Court might
arrive at a different conclusion from that attained by their
predecessors—men equally well qualified to discern, and
equally conscientious in the pursuit of the right, would be to
trifle with the rights of litigants and bring merited obloquy
upon the administration of justice.  The remarks of that dis-
tinguished author of the standard work on Contingent Remain-
ders, Mr. Fearne, upon the case of *Perrin* v. *Blake*, are very
forcible and in point.  He says : " If rules and maxims of law
were to ebb and flow with the taste of the Judge, or to assume
that shape which in his fancy best becomes the times ; if the
decisions of one case were not to be ruled by, or depend at all
upon, former determinations in other cases of a like nature, I
should be glad to know what person would venture to pur-
chase an estate without first having the judgment of a Court
of justice respecting the identical title which he means to
purchase ?  No reliance could be had upon precedents ; former
resolutions upon titles of the same kind could afford him no
assurance at all.  Nay, even a decision of a Court of justice
upon the very identical title would be nothing more than a
precarious temporary security ; the principles on which it
was founded might, in the course of a few years, become
antiquated ; the same title might be again drawn into dispute ;
the taste and fashion of the times might be improved, and on
that ground a future Judge might hold himself at liberty (if
not consider it his duty) to pay as little regard to the maxims
and decisions of his predecessor as that predecessor did to the
maxims and decisions of those who went before him." (Fearne
on Cont. Remainders, Lond. Ed., 1801, p. 264 ; Dublin Ed.,
1794, p. 264, Sec. 134.)

There is a class of cases, undoubtedly, which the same or a subsequent Court would be fully justified in overruling, and which often are overruled—cases hastily and clearly erroneously decided, under which no valuable rights can grow up, and the overruling of which would produce no inconvenience—recent cases under which valuable rights have not yet been acquired, which stand alone or nearly alone, and which are manifestly erroneous and are themselves departures from the law, as before well settled; and others not necessary to mention. But many, if not most of them, are overruled in some sense upon the very doctrine of *stare decisis.* It is very true that a single decision upon a point recently made does not necessarily fall within the principle of *stare decisis.* But the case under consideration, in our opinion, is clearly within it. There was an adjudication on the identical deed—the identical title—eight years ago, and important rights may, and probably have, been acquired on the faith of that adjudication. If after a lapse of so long a term this adjudication could now be properly disturbed, in the language of Mr. Fearne, before cited, "Even a decision of a Court of justice upon the very identical title would be nothing more than a precarious temporary security." It could, in fact, hardly be called a "temporary security." For these reasons we decline to re-examine the grounds of the decision in *Ingoldsby* v. *Juan,* and without intimating any opinion as to the correctness or incorrectness of the conclusions attained, adhere to it in this case on the principles of *stare decisis.*

We find nothing more in appellant's brief of sufficient plausibility to require notice.

It follows that the deed of Martina Castro to her children was properly admitted in evidence and that the judgment must be affirmed.

By the Court, SAWYER, J., on petition for rehearing:

All the appeals in the first of these cases, *ante,* 207, were dismissed for reasons given in the opinion filed in the case. It

has not even been suggested in the petition for rehearing that they were improperly dismissed. No ground for rehearing being shown, the application is denied.

In the second case, it is claimed that the Court overlooked an important point made in appellants' brief, that an averment in the answer of Courtis of the ownership of one sixth conveyed to him since the commencement of suit is insufficiently denied in the replication, and therefore admitted; also, that it appears from the pleadings that one ninth interest is in appellants, and that on this ground a rehearing should be granted and the judgment reversed. The point was not overlooked. In the appellant's opening argument of sixty printed pages, in which the real point made in the Court below, and upon which appellants relied, on appeal, is most thoroughly and ably discussed, and where the point now brought to our notice should have been made, if made at all, it was not raised, or in the remotest degree alluded to. Nor is it suggested anywhere in the record. Neither did the respondents, in their one hundred and ten printed pages of brief, allude to any such point. At the close of appellants' brief in reply, when the respondent had no opportunity to answer, the point is brought forward for the first time either in the record or argument, and as an apology for presenting the point at all, which is virtually acknowledged to be without merit, it is stated that the respondents had not met them fairly on the merits, and they were forced into the position. The point thus presented did not escape our attention or consideration, although we might well have passed it by on those grounds alone. Upon referring to the statement on appeal we found, " it was admitted by all the parties to this suit, that if title to *the whole* of said premises described in the complaint was vested in Joseph S. Alemany and John Lleberia by the deed of Martina Castro," etc., then defendant Courtis by mesne conveyances had acquired one sixth thereof as administrator of Ingoldsby, and he in his own right, and each of the other appellants had respectively acquired certain other specified interests. "And it is hereby agreed that, if title to *the whole* of said premises was not so

vested in Joseph S. Alemany and John Lleberia, then no error was committed in this case by either the Court or referee, to the prejudice of any of the parties proposing this statement."

Here is, then, an express stipulation in the record that, unless the title to *the whole* of said premises passed by the deed in question, "no error was committed in the case by either the Court or referee to the prejudice of any of the parties proposing this statement"—that is to say, any of the appellants—and the record is made up in the Court below on that hypothesis, and it was on that theory that the case was so ably argued in this Court. We held that the whole title did not pass by the deed, for the reason that eight ninths passed by the prior deed from Martina Castro and her husband to her children—the deed upon the validity of which the whole controversy hinges. What became of the one ninth which had not been before conveyed, and which, therefore, did pass, it is not important for us to notice. In view of the stipulation above referred to, it was of no consequence, so far as this appeal and the questions made in the record is concerned, what became of it. It was not necessary for the respondents to shape the statement or record with reference to that interest. For these reasons and others disclosed by the record, which it is unnecessary to take up further time in pointing out, we thought ourselves justified, after deciding the real questions made in the Court below and presented by the record and argued in this Court, in saying, in our former opinion, "we find nothing more in appellants' briefs of sufficient plausibility to require notice." The questions decided were fully considered, and we do not propose to go over them again. If the counsel for appellants, who was counsel in the case of *Ingoldsby* v. *Juan,* will examine his own brief and the transcript on file in the record of that case in this Court, he will find that we spoke advisedly when we undertook to state what the record shows with reference to the question made on the acknowledgment before Per Lee, County Judge.

Rehearing denied.