P. H. RUSSELL, APPELLANT, *v.* P. N. HARRIS, RESPONDENT.

LOST EXECUTION—PROOF OF.—After the lapse of sixteen years, during the greater portion of which the purchaser at a Sheriff's sale, under a judgment and alleged execution, has been in the possession of the premises sold, during which time the defendant, in the judgment, does not appear to have made any claim to the premises adverse to the purchaser, a Court will be justified, as against a naked trespasser, in not requiring the very strictest proof of the issuing of an execution.

IDEM.—When it is shown that there was a judgment, of a proper date, upon which an execution might have issued—a charge by the Clerk for issuing an execution, a sale by the Sheriff, and a certificate of sale purporting to have been made in pursuance of an execution—and after the expiration of six months from the sale, the Sheriff has executed a deed in which the judgment and execution are recited, are facts sufficient to raise the presumption of the existence of an execution after the lapse of sixteen years, although none could be found among the records of the Court.

POSSESSION OF LAND.—When one enters upon a portion of a tract of land, claiming the whole under a deed, no other party being in the adverse possession of any part of it, his possession extends to the bounds of his deed.

APPEAL from the District Court of the Tenth District, County of Sutter.

The case is stated in the opinion.

*Geo. Cadwallader*, for Appellant.

*Beatty & Denson*, for Respondent.

SAWYER, C. J., delivered the opinion of the Court:

Although the evidence that an execution issued on the judgment under which the sale was made is very slight, we are not quite sure that the Court would not have been justified in finding that one did issue. There was a judgment of the proper date upon which one might have issued. There was also a charge in the fee book kept by the Clerk for issuing an execution. The date of the charge is not given, but it is between other dates that would admit of the execution being issued at a time corresponding with the date of the execution recited in the Sheriff's deed. There was a sale and certificate of sale, purporting to have been made in pursuance of an execution, and after the expiration of six months from the sale, the Sheriff executed a deed in due form, in which the judgment and execution are regularly recited, the execution recited as having been issued at about the time we should expect one to issue. No execution, however, could be found among the records of the Court. But the sale was some sixteen years ago, when the records were very loosely kept, and it is notorious that many papers in our various Courts, filed at that day, have been lost. The purchaser—the plaintiff in this case—was in possession of the purchased premises several years, claiming title under his deed, and it does not appear that the defendant in the judgment, or any one claiming under him, has ever made any claim adverse to the plaintiff. This action is against a naked trespasser. Under such circumstances the Court would be justified in not requiring the very strictest proof of the issuing of the execution. It ought to be enough to satisfy the mind, it is true. The plaintiff, doubtless, might have made more strenuous efforts to supply evidence on this point, and there seems to have been some remissness in this particular. But, whatever the facts may be with respect to this point, we think the Court erred in its conclusions that the facts shown by the evidence, and found, did not show a prior possession in the plaintiff. The Sheriff's deed is regular upon its face, and describes the land conveyed by metes and bounds with sufficient precision. The plaintiff, for some

years, lived upon and occupied a part of the land, claiming the whole, while there was no other party in adverse possession of the part in controversy, We think this extended his possession to the bounds of his deed within the case of *Hicks* v. *Coleman,* (25 Cal. 132–35, *et seq.*)

Judgment and order denying a new trial reversed, and new trial granted.

RHODES, J., expressed no opinion.