J. G. CANNON, APPELLANT, v. UNION LUMBER COMPANY, RESPONDENT.

CONSTRUCTIVE POSSESSION CREATED BY ENTRY UNDER A DEED.—To enable a party to maintain a constructive possession of a large tract of land by the actual possession of a small portion of it, under a deed, it must appear that he entered *under his deed,* and founded his claim *upon it,* in good faith.

IDEM.—A person who takes a deed from a stranger to the land, for the purpose of adding a constructive possession of a larger tract, to the actual possession of a smaller tract, obtains none of the benefits of a constructive possession thereby.

*Per* CROCKETT, J.:

IDEM.—If the land conveyed is known to the parties to the conveyance to be a part of the public domain, to which the grantor has no title or color of title, an entry under the deed gives no constructive possession to any portion of it.

The cases of *Hicks* v. *Coleman,* and *Ayres* v. *Bensley,* questioned.

APPEAL from the District Court of the Tenth District, County of Yuba.

The case is stated in the opinion.

*George Rowe, S. M. Bliss* and *F. L. Hatch,* for Appellant.

*W. C. Belcher and G. N. Sweezy,* for Respondent.

SANDERSON, J., delivered the opinion of the Court:

Under the view we take of this case, it becomes unnecessary to consider how the deed from Cannon, the plaintiff, back to Gove, ought to be construed, or what effect the location of the Dakota or Sioux half-breed scrip by Xavier Freyneer had upon the title of the land covered by it. If we ignore the deed from the plaintiff back to Gove and the half-breed location, the case is allowed to stand upon the deed from Gove to the plaintiff, and the latter's entry under it. Of this course of treatment the plaintiff cannot complain, for it is taking the most favorable view of which his case admits. In this connection, we add, that we shall also ignore, as the Court below and the counsel seem to have done, the question whether, in view of the defendant's adverse possession, the plaintiff could maintain this action, conceding his title to be good, which was allowed to remain a mooted question in *Kimball* v. *Lohmas* (31 Cal. 158.)

Putting, then, the plaintiff's case upon the ground most favorable to it, we think the verdict against him was in accordance with the law and the testimony, and ought not, therefore, to be set aside.

If the plaintiff can recover, it is because that, by virtue of

his entry under the deed from Gove to himself, he acquired *actual* possession of the "Mountain Cottage Enclosure," and *constructive* possession of the remainder of the land described in the deed, so as to be able to maintain ejectment as against the defendant, for it is certain that the plaintiff cannot maintain an action to recover timber cut from the land by the defendant, unless he can also maintain ejectment against the defendant, to recover the land itself.

In *Walsh* v. *Hill*, a case decided at the present term, we have had occasion to consider to some extent, the conditions upon which the rule that a party who enters into the actual possession of a part of a tract of land, under a deed with specific boundaries, is allowed to have a constructive possession to the remainder, is founded. We there held that a person who takes a deed from a stranger to the land, for the sham purpose of adding a constructive possession of a larger tract to an actual possession of a smaller tract, is not entitled to the benefit of the rule. That to entitle a party to its benefit, it must appear that he entered *under his deed*, and founded his claim *upon it*, in good faith, and that to hold otherwise would be to countenance a fraud upon the rule, instead of giving to it a proper application.

Examining the plaintiff's alleged constructive possession of the land from which this timber was cut, by these tests, we think it fails in the essential qualities just mentioned. His grantor, so far as the case shows, had no possession, or claim of possession, beyond the "Mountain Cottage Enclosure," which was itself an enclosure of a very questionable character—certainly not up to the standard of *Polack* v. *McGrath* (32 Cal. 15.) But concede that it was sufficient to give Gove actual possession of the land within it, there is nothing to show that Gove either had or asserted any claim to lands outside of it. On the contrary, the case shows that the metes and bounds mentioned in the deed, were established by the joint action of the plaintiff and Gove, before the deed was made, and for the purposes of the deed. The case is the very case supposed in *Walsh* v. *Hill* (*supra.*) The plaintiff finds Gove in the actual possession of a small tract of land, measuring twenty rods one way and ten the other;

they together go and mark off, by blazing here and there a tree, a much larger tract, to which no claim or right had been previously asserted by Gove, which, however, includes Gove's enclosure, and measures a mile and three-quarters one way and two miles the other; they then make a deed, describing the land by the trees, which they have just blazed. Gove signs and delivers it to the plaintiff, who thereupon enters into the part which was before in the actual possession of his grantor, claiming to the boundaries described in the deed. If, by such acts, a party is allowed to acquire a constructive possession, there would be no limit to his capacity to hold public land and exclude others from it, except his capacity to blaze trees, and to find some one who would be willing to give him a deed of the land thus marked off. Had Gove, prior to the sale to the plaintiff, caused the land to be surveyed and the lines so marked as to be readily traced, thus manifesting an intent to appropriate it to his exclusive use, the plaintiff's case might have come up to the standard of *Baldwin* v. *Simpson* (12 Cal. 560), which case certainly stands upon the extreme verge of the rule upon which the plaintiff relies; but it is obvious that, instead of coming up to that case, it falls far short.

Judgment and order affirmed.

CROCKETT, J., expressed his concurrence in the following opinion:

I concur in the judgment and in the opinion of Justice SANDERSON, to the effect that the entry by the plaintiff under the deed from Gove, did not give him the *constructive* possession of any land outside of the enclosure of the small tract occupied by Gove. But, in my opinion, the rule should be carried further. If the land conveyed is known to the parties to the conveyance, to be a part of the public domain to which the grantor has no title or color of title, an entry under the deed, in my opinion, can give the *constructive* possession of no portion of the land. The vendee succeeds only to the *actual* possession of his vendor. It may be that the rule thus broadly stated is, to some extent, in conflict with

the cases of *Hicks* v. *Coleman* (25 Cal. 122), and *Ayres* v. *Bensley* (32 Cal. 620), and other subsequent cases; but, if so, it appears to me that considerations of public policy demand that we should return to the true rule, and limit it to cases wherein the vendee enters in good faith, under his deed, believing that by the deed he has acquired a title, either legal or equitable, to the land conveyed. If he knows, when he takes the deed, that his vendor has neither title nor color of title, I am unable to perceive on what reasonable theory it could be held, in such a case, that the entry under the deed could give the *constructive* possession of any land whatsoever.

Sprague, J., expressed no opinion.