[No. 2,670.]

## F. H. RUSSELL *v.* P. N. HARRIS.

LAW OF A CASE.—The decision of the Supreme Court, made in a case when it is sent back for further proceedings, becomes the law of the case in all its subsequent stages, if the evidence is substantially the same as that upon which the decision was based.

CONSTRUCTIVE POSSESSION OF LAND.—The question not decided whether a person who enters into possession of a piece of land under a deed conveying a larger tract, with constructive notice that his grantor had before conveyed the whole tract to another, is so affected by this constructive notice that he cannot say he entered under his deed, believing in good faith that it transferred to him the right to the possession of the whole tract.

APPEAL from the District Court of the Tenth Judicial District, County of Sutter.

Ejectment to recover possession of eighty acres of land in Sutter County. The demanded premises are a portion of a tract of eight hundred and forty acres, all within the Sutter grant patented to him by the United States, in June, 1866. On the 23d day of July, 1850, Sutter and wife conveyed the eight hundred and forty acres to J. W. Thrift, A. M. Harris, and Alexander Anderson.

CAL. REPS. XLIV—62

The Court found as a fact, that Thrift and his co-tenants entered into possession under the deed.

The defendants, on the second trial, introduced evidence tending to show that July 1st, 1850, Sutter and wife deeded the eight hundred and forty acres to Robinson, Fowler and others, which deed was recorded July 8th, 1850. This evidence was offered to show that Thrift and others did not acquire the true title by their deed. On the 13th of April, 1853, Morgan and others obtained a judgment against said Thrift and others, and obtained an execution and had the land sold at Sheriff's sale, and the plaintiff Russell became the purchaser, and received a Sheriff's deed December 10th, 1853. Thus the plaintiff had the title of Thrift and others, and the Court found he entered into possession under his deed. There was evidence tending to show that his possession was confined to one or two buildings on the tract, and it is on this point that the Court on this appeal say that the decision on the former appeal is the law of the case, as it was then held that the plaintiff's possession was sufficient to give him constructive possession of the whole tract. The plaintiff possessed the land without any adverse claim, until 1866, when the defendant entered on to the demanded premises without title or color of title.

The plaintiff recovered judgment and the defendant appealed.

The other facts are stated in the opinion.

*J. McReardan* and *Charles E. Filkins*, for Appellant.

To maintain this action, the plaintiff must show that he has either the true title, or the better right by prior possession. It is not claimed for him that he has the true title. The grantees of Robinson, Fowler, et al., hold the title.

Nor is it pretended that Russell or his grantor, ever had the actual possession of any part of the demanded premises. The most that is claimed is, that he entered into possession

of a part, to wit: the Miners' Store, under the Sheriff's deed, which gives him constructive possession of the whole tract described in the deed. But both Russell and his grantor, Thrift, knew when they took their deeds that their grantor had no title to convey. When Sutter and wife executed their deed to Thrift, Anderson, and A. M. Harris, under which plaintiff claims, Sutter had parted with all his interest in the premises to Robinson, Fowler, et. al., by his deed dated July 1st, 1850, and recorded in the proper office; and when Thrift, Anderson, and A. M. Harris took their deed, July 23d, 1850, they knew this fact. This prior deed was on record, and they were bound to take notice that their grantor had no title. If, then, they knew this fact, how can they be said to have taken their deed and entered under it in good faith, believing their grantor had title.

In the case of *Wolfskill et al.* v. *Malajowich*, 39 Cal. 276, this Court has said, that the land being part of the public domain, the grantee in the deed must know that his deed conveyed him no title; that the title was in the United States Government; that when he entered under his deed he well knew that he had no title, and that a constructive possession of the whole could not be in harmony with his claim of title. Now, if this is the rule when the lands are part of the public domain, why can it not be invoked in the case at bar?

*S. J. Stabler* and *Van Clief & McCann*, for Respondent.

The Court below found that respondent went into possession in 1853, under a Sheriff's deed, and remained in possession until the Spring of 1866—over twelve years—before appellant entered; and that appellant took and held possession without any claim or color of title except his possession. These findings, if warranted by the evidence, will sustain the judgment, according to the decision of this case on the former appeal, without reference to the real title; and that

the evidence, though somewhat conflicting, is abundantly sufficient to justify these findings, will not be doubted upon reading the statement on motion for new trial. But it is contended that the claim of title under that deed was not in good faith; and therefore, that although the description of the land was sufficient for the purpose of a constructive possession to the boundaries defined, yet that the lack of good faith prevented that effect. It needs only to be observed, on this point, that the question of good faith was a question of fact; that the degree of good faith necessary to justify the judgment must have been found by the Court below, and that the evidence was sufficient to justify the finding. The plaintiff testified that he "knew nothing of any other deed to the same land from Sutter or any one else, except the deed to Thrift and others," under whom he claimed. The good or bad faith, which is material in this connection, must be actual, and not merely constructive; and therefore the record of the deed to Robinson and others can have no bearing upon the question, unless it be shown that respondent had actual notice of it. Did he actually believe that Thrift and others, under whom he claims, had title? is the only material question touching his good faith; and we think he might well be excused for so believing, even with actual notice of all the facts proved on the trial.

By the Court, Rhodes, J.:

On the first trial of this cause, the District Court found that no execution had issued upon the judgment in the case of *Morgan* v. *Thrift*, and found, as conclusions of law—though they might well have been stated as facts—that the plaintiff had not shown any constructive possession in himself, of the premises. The report of the case on appeal to this Court (38 Cal. 426) is very meager, it consisting simply of the opinion of the Court, without stating the condition of

the record, or any fact therein contained. On that appeal, this Court decided, that under the circumstances of the case, the evidence was insufficient to show that an execution, under which the Sheriff's sale of the premises purported to have been made, had been duly issued upon the judgment of *Morgan* v. *Thrift*. And the Court also decided that the Court below erred in its conclusions that the facts shown by the evidence and found, did not show a prior possession in plaintiff; and held, on the authority of *Hicks* v. *Coleman*, 25 Cal. 132, that the plaintiff's entry upon and possession of, a part of the land under the Sheriff's deed, extended his possession to the bounds of the entire tract described in the deed.

On the second trial it was admitted that the execution above mentioned had been issued and was lost; and the Court found that the plaintiff entered, under the Sheriff's deed, into possession of the tract of land described in the deed—that tract including the premises in suit—and that he remained in possession, without any adverse claimant of said land, until the Spring of 1866, when the defendant entered. Upon these issues the evidence is conflicting, and the finding, therefore, will not be disturbed.

The main point discussed by the defendant is, that the plaintiff did not enter under the Sheriff's deed, believing, in good faith, that by virtue of the deed, he had acquired an estate in the land, which entitled him to the possession of the whole tract described in the deed. The argument is, that as the deed of Sutter to Robinson and others, was executed and duly recorded before the execution of the deed of Sutter to Thrift and others, under which the plaintiff claims, the plaintiff had constructive notice of the deed of Sutter to Robinson, and therefore could not have believed, in good faith, that the Sheriff's deed conveyed to him any estate in the land. Whether there is any merit in the argument, that a purchaser is so affected by *constructive* notice of

a prior deed, that he cannot say that he entered under his deed, believing, in good faith, that it transferred to him the right to the possession of the whole tract—whether such case is within the doctrine of *Wolfskill* v. *Malajowich,* 39 Cal. 276, it is unnecessary in this case to inquire; for the defendant is precluded by the decision on the former appeal from raising the point. That decision became the law of the case, and it became the duty of the Court below to observe it, if the evidence relating to the issue was substantially the same at the second trial as at the first. There is no material difference in the evidence in that respect, and we cannot hold that the Court erred in deciding, in accordance with the former decision of this Court, that the plaintiff had acquired the constructive possession of the whole tract described in his deed.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.