[No. 3,802.]

JAMES GOODRICH *v.* J. S. VAN LANDIGHAM.

46  601
81  595'
46  601
83   99
46  601
149  284

POSSESSION OF LAND. — Neither a good and substantial fence nor a resi-
dence upon land are necessary to a peaceable and actual possession of the
same, so as to enable the possessor to maintain forcible entry and detainer.

SPECIFICATIONS IN STATEMENT. — A specification in a statement, that the
evidence does not show that the land in controversy was inclosed, or that
the plaintiff. resided on it, is not sufficient to present the question, whether
the evidence showed such possession in the plaintiff as would justify a ver-
dict in his favor, in an action to recover possession of land.

APPEAL from the County Court of Colusa County.

The plaintiff had judgment in an action of forcible entry
and detainer brought to recover possession of eighty acres
of public land, and the defendant appealed from the judg-
ment and from an order denying a new trial.

The other facts are stated in the opinion.

*T. J. Hart* and *S. T. Kirk,* for Appellant.

There is no doubt that the plaintiff in this sort of action
must prove himself in the peaceable and actual possession
of the premises.  In such case, we think the plaintiff "must
show an actual inclosure, or something equivalent, as evi-
dence of an actual, exclusive appropriation and dominion."
At least such is the exact language of this Court in *Preston*
v. *Kehoe,* 15 Cal. 315.  This is the true rule, and for the
good reason, as is said in the case referred to: "If this were
not so, a man might take up ten thousand acres of the public
land by merely putting down stakes or making a line of
boundary."  There must be a substantial inclosure.  As to
what constitutes such inclosure, is very fully discussed in
*Black* v. *McGrath,* 32 Cal. 15.

*A. L. Hart,* for Respondent.

Counsel for appellant are in error in assuming that nothing but a substantial inclosure will suffice to evidence such a possession as will enable a party to maintain this sort of an action under our statute. The rule is correctly stated in the case of *Preston* v. *Kehoe,* cited by counsel (15 Cal. 315), but the statement of the Court in that case, that the plaintiff "must show an actual inclosure, or something equivalent, as evidence of an actual, exclusive appropriation and dominion," will hardly warrant the inference of counsel, that an actual inclosure is indispensable to the maintenance of the action. The Court, at the time of rendering that opinion, was evidently convinced that there was something which was "equivalent" to an "actual inclosure" as an evidence of an "exclusive appropriation and dominion." The question, then, that arises, is, what is that "equivalent?" The statute that was in force at the time that the entry complained of was made, defining what should constitute an actual possession, was in the following words: "For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, judgment, or decree, land shall be deemed to have been possessed and occupied in the following cases only: First—Where it has been protected by a substantial inclosure. Second—Where it has been usually cultivated or improved." (Hittell's Gen. Laws, Sec. 4355.)

It would seem, therefore, that when the Court said "an actual inclosure, or its equivalent," it meant usual cultivation or improvement. Besides, there can be no reason in a rule claiming for the one kind of possession any greater or different effect than that which is given to the other. Both of the kinds of possession mentioned in that section are created by the same words, and are placed in the same cat-

egory by the law that made them what they are. (*Elliott* v. *Pearl*, 10 Peters, 442.)

By the COURT:

The only specification found in the statement on motion for new trial is "that the evidence is insufficient to justify the verdict, there being no evidence even upon the part of the plaintiff showing that the land in controversy was actually inclosed by a good or substantial fence, or that the plaintiff resided upon it at the time of the entry of the defendant."

Neither a good and substantial fence nor a residence upon the premises was necessary to a peaceable and actual possession of the land. Fences are a means by which the possession of land may be taken and held, but are not the only means. It is well settled that there may be an actual possession without fences or inclosure of any kind.

The specification does not therefore present the question whether the plaintiff had shown such possession in himself as would justify a verdict in his favor.

But aside from this, upon the question of the plaintiff's possession the testimony was conflicting, and in such case we do not interfere with the judgment of the Court below.

Judgment and order affirmed; remittitur forthwith.