[No. 9,407.   Department Two. — July 26, 1884.]

LOU_G. SPECT, EXECUTRIX, ETC., APPELLANT, *v.*
GEORGE_ HAGAR, RESPONDENT.

STATUTE OF LIMITATIONS — ADVERSE POSSESSION — PARTITION. — Action for partition. The defendant pleaded the Statute of Limitations. The evidence showed that the lands in controversy were patented to Thomas O. Larkin and John S. Missroon ; that Missroon sold his interest to one Whitcomb, the *habendum* clause of the deed being, "to have and to hold all and singular the mentioned and described premises ; " that Larkin sold his interest to certain persons through whom the plaintiff claims title, and that subsequent thereto he executed a deed to Whitcomb conveying the same interest and containing a clause of warranty against his acts ; that the defendant afterwards entered into possession of the lands under a deed from Whitcomb purporting to convey the whole premises, and that such possession had been continuous for more than five years. *Held*, that the facts established an adverse possession, within the meaning of section 322 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order refusing a new trial.

The facts are stated in the head-note and opinion of the court.

*H. M. Albery*, for Appellant.

*W. C. Belcher*, and *Stabler & Bayne*, for Respondent.

MYRICK, J.—This is an action for partition, commenced by plaintiff's testator in his lifetime, he claiming that he and the defendant were the owners as tenants in common of the premises described. The defendant denied the alleged ownership of plaintiff, and averred title in himself; the defendant also pleaded the Statute of Limitations, viz., sections 321 and 322 and subd. 2 of section 323, of the Code of Civil Procedure.

The court, after stating the source of title and the conveyances under and through which the parties respectively claimed, found that the defendant, on the 25th day of September, 1862, entered into and upon, and took the actual and exclusive possession and occupation of the said land and premises in question, under a claim of title exclusive of every other right, and in good faith founded such claim upon a written instrument as being a conveyance of the said land and premises and the whole thereof, and claimed to own and hold the same and every part thereof as his own exclusively, and thereafter maintained and held the actual, open, notorious, peaceable, exclusive, continuous, and adverse possession and occupation, until 1865, when he conveyed one parcel to Treadway, who entered and held in the same manner until 1866, when he re-conveyed the parcel to defendant, who has since and still has and maintains possession as before.

We are of opinion that the findings are sustained by the evidence. The defendant entered under a deed from Whitcomb; Whitcomb claimed under a deed from Missroon, who in fact owned the undivided one half, the *habendum* clause of which deed is, "to have and to hold all and singular the above mentioned and described premises unto" the grantee; Whitcomb also had a deed from Larkin, who had been joint owner with Missroon, which contained a clause of warranty against his (Larkin's) acts. The defendant, entering and holding under the

deed from Whitcomb, is clearly within section 322 of the Code of Civil Procedure, even though Larkin may have conveyed his interest before his deed above noted to Whitcomb; he "entered into the possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument as being a conveyance of the property in question."

We see no error in the record prejudical to the plaintiff. Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.