[No. 11923.   Department Two. — October 31, 1887.]

A. G. WEBBER, APPELLANT, v. C. W. CLARKE, RE-SPONDENT.

PRACTICE — WAIVER OF ASSIGNMENTS OF ERROR. — Where a cause is sub-mitted on briefs, the court may treat points not made in the opening brief as waived.

ADVERSE POSSESSION — PASTURAGE. — Where a party enters under color of title upon an open, uncultivated piece of grazing land, situated in a grazing country, and pastures sheep upon it, under the care of herders, during the pasturing season of each year, — the tract being unoccupied during the rest of the year, — he has sufficient possession under the stat-ute of limitations.

COLOR OF TITLE — SHERIFF'S DEED. — An entry in good faith under a sheriff's deed, not void upon its face, made in pursuance of the judg-ment of a district court, regular in form, is an entry under color of title.

STATUTE OF LIMITATIONS — PLEADING. — The statute of limitations may be pleaded by reference to the appropriate section. Reference to explana-tory sections is unnecessary.

ADVERSE POSSESSION — PAYMENT OF TAXES. — The provision requiring pay-ment of taxes as an element of adverse possession is not retroactive.

ID. — The five years' adverse possession need not be next preceding the com-mencement of the action. Therefore, non-payment of taxes subsequent to five years of sufficient possession is not material.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Wigginton, Creed & Hawes*, and *George W. Lewis*, for Appellant.

*Atwell & Bradley*, for Respondent.

HAYNE, C.—The action is described by the appellant as "an action to quiet the title to a parcel of land described in the complaint, and of ejectment for said lands."

The plaintiff claims under a school-land patent from the state, dated May 25, 1875, which was issued upon a certificate of purchase dated March 18, 1870.

The defendant claims under a sheriff's deed executed on February 27, 1874, after a sale under a judgment of a district court, "duly made and given" on January 9, 1872, and by adverse possession for the period required by the statute of limitations.

The court below gave judgment for the defendant, and the plaintiff appeals.

1. Numerous errors in the admission and rejection of evidence are alleged. None of these are argued in the appellant's opening brief. The appellant's counsel there say: "There are many technical objections that exist as to the regularity of the tax proceedings, sufficient to invalidate them, but we preferred to demonstrate upon principle and authority the invalidity of defendant's claim." That is all that is said with respect to the alleged errors in relation to "the regularity of the tax proceedings." As to errors in relation to other matters, not a word is said. In the respondent's brief attention is drawn to the fact that all the errors specified in the statement are waived by appellant's brief. And the appellant comes back with argument upon seventeen assignments of error. There was no oral argument; and by the terms of the order submitting the case on briefs the respondent had no reply. We think that under sub-

division 4 of rule 2 the appellant must make the points he relies on in his opening brief; and that he cannot reserve them for his reply. To permit that would be unfair to the respondent, and would increase the labors of the court. And while the court is undoubtedly at liberty to decide the case upon any points that its proper disposition may seem to require, whether taken by counsel or not, we think that under the circumstances of this case the technical errors alleged must be considered as waived. For that reason we do not notice them. (See, generally, *Hihn* v. *Courtis*, 31 Cal. 404.)

2. It is argued for the appellant, with much earnestness and ability, that the levy of the tax upon which the judgment of the district court was founded was void, for the reason that a tax cannot be imposed upon school lands before all the payments upon the certificate of purchase are made. But we do not think it necessary to pass upon that question. Whether the tax was void, and whether the judgment therefor was conclusive upon appellant as a judgment *in rem* or not, it was regular upon its face; and a sheriff's deed thereunder, in due form, constituted—to say the least—color of title, which, in connection with the possession shown, was a defense to the action.

Upon the question of possession, the findings were as follows: —

"The purchaser, P. Byrd, during all the period from February 27, 1874, down to the twentieth day of May, 1879, . . . . claimed the land by virtue of such deed, and rented the same to J. S. Williams, on the condition that the said Williams should exclude all other persons therefrom, and use and occupy the same to the exclusion of everybody. And the said Williams, during all that time, a period of more than five years, did publicly and openly, notoriously, and peaceably, and uninterruptedly occupy and possess said land, and all of it, to the exclusion of plaintiff and the whole world; and the plaintiff,

her ancestors, grantors, predecessors, were not, nor were any of them, seised or possessed of said land at any time within five years before this action was brought. . . . . On the twentieth day of May, 1879, said P. Byrd sold and conveyed for a good and sufficient consideration all the land aforesaid to J. S. Williams, who continued publicly, peaceably, openly, and notoriously in the possession thereof, to the exclusion of the plaintiff and the whole world, and paid the taxes thereon down to the twelfth day of November, 1880, claiming the same as his property under the sheriff's deed aforesaid to Byrd, and the conveyance from Byrd to him.

" On the twelfth day of November, 1880, said J. S. Williams, by his deed of conveyance, conveyed the land aforesaid to C. W. Clarke, the defendant herein, who went into possession thereof at once, under a claim of title founded upon said conveyances, and said defendant has ever since continued to, and does now, occupy and hold possession of said land under a claim of right and ownership, based upon said conveyances, peaceably, openly, notoriously, continuously, uninterruptedly, and adversely to the whole world, and paid all the taxes levied or assessed upon the land from the twelfth day of November, 1880, down to the time this action was brought, except in 1883, when the taxes were paid by some person unknown to defendant.

" The land described in the complaint constitutes but one parcel, and had been continuously occupied and used by defendant and his grantors for more than five years before this action was brought, for the pasturage of their stock."

It is argued that these findings are not supported by the evidence.

The tract in controversy is the east half of section 16, township 16 south, range 28 east, Mount Diablo base and meridian. It was not inclosed or cultivated, and no one resided upon it. The surrounding country "was

an open, uninclosed, uncultivated, unimproved country all around there." The nearest "improvements" were half a mile distant, and the nearest sheep-camp about a mile off. There is some conflict in the evidence, but if the defendant's witnesses are to be believed (and in view of the findings we must assume that they are), the defendant and his grantors herded their sheep upon the land during the grazing season of each year; that is to say, from February to July. During the rest of the year the land was "not pasturable for sheep," and appears (during such time) to have been entirely unoccupied.

The argument for the appellant is, that such pasturage does not constitute a sufficient possession, and particularly that it was not continuous. And these are the questions to be resolved.

"By actual possession," said Field, C. J., in a leading case, "is meant a subjection to the will and dominion of the claimant, and is usually evidenced by occupation, by a substantial inclosure, by cultivation, or by appropriate use, according to the particular locality and quality of the property." (*Coryell* v. *Cain*, 16 Cal. 573; and see *Brumagim* v. *Bradshaw*, 39 Cal. 44.)

Where, however, there is such subjection to the will and dominion of the claimant, manifested in some appropriate manner, residence upon the property is not essential (*Barstow* v. *Newman*, 34 Cal. 91; *Goodrich* v. *Van Landigham*, 46 Cal. 601; *Kelly* v. *Mack*, 49 Cal. 524); nor, in such case, is an inclosure necessary. (*Hicks* v. *Coleman*, 25 Cal. 132; 85 Am. Dec. 103; *McCreery* v. *Everding*, 44 Cal. 252; *Sheldon* v. *Mull*, 67 Cal. 300.)

In the case of grazing land, in a grazing country, herding sheep upon it would seem to be an "appropriate use, according to the particular locality and quality of the property."

Accordingly, we find that in two cases pasturage of cattle within an inclosure was held to be sufficient pos-

session against intruders (*Southmayd* v. *Henley*, 45 Cal. 102; *Pierce* v. *Stuart*, 45 Cal. 280), and in *Sheldon* v. *Mull*, 67 Cal. 300, 301, it was held that pasturage without an inclosure was sufficient,—the cattle being confined to the land by herders.

There must, of course, be some definite boundaries to the possession. But it has been held in a long line of decisions that where a party enters under color of title, and has actual possession of a part of the whole tract, he has constructive possession of the whole tract described in the document. (*Hicks* v. *Coleman*, 25 Cal. 122; 85 Am. Dec. 103; *Hoag* v. *Pierce*, 28 Cal. 191; *McKee* v. *Greene*, 31 Cal. 420; *Ayres* v. *Bensley*, 32 Cal. 631; *Russell* v. *Harris*, 38 Cal. 426; 99 Am. Dec. 421; *Donahue* v. *Gallavan*, 43 Cal. 573; *Spect* v. *Hager*, 65 Cal. 443.) And it makes no difference that the grantor had neither title nor possession (*Walsh* v. *Hill*, 38 Cal. 487, 488), provided the document was not void on its face, and the party entering under it believed in good faith that he acquired an interest under it. (*Walsh* v. *Hill*, 38 Cal. 487, 488; *Cannon* v. *Union Lumber Co.*, 38 Cal. 674; *Wolfskill* v. *Malajowich*, 39 Cal. 281.)

A sheriff's deed under a judgment, regular on its face, is color of title within the meaning of the above rule. (*Russell* v. *Harris*, 38 Cal. 427; 99 Am. Dec. 421; *Packard* v. *Moss*, 68 Cal. 127; and compare *Jones* v. *Gillis*, 45 Cal. 542, 543, and *Gregory* v. *Haynes*, 13 Cal. 595.)

The rules established by the foregoing decisions have been embodied to a great extent in the Code of Civil Procedure. Section 322 embodies the rule as to entry upon a part of a tract under color of title. And section 323, in relation to what constitutes adverse possession, is as follows:—

"Section 323. For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument, or a judgment or decree, land

is deemed to have been possessed and occupied in the following cases:—

" 1. Where it has been usually cultivated or improved;

" 2. Where it has been protected by a substantial inclosure;

" 3. Where, although not inclosed, it has been used for the supply of fuel, or of fencing timber, for the purposes of husbandry, *or for pasture,* or for the ordinary use of the occupant;

" 4. Where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not cleared, or not inclosed according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated."

The appellant seems to suppose that this section cannot be considered because it was not pleaded. But as was said in *Hagle* v. *Hagle,* 68 Cal. 352, the proper course is to plead the section establishing the period of limitation, omitting all reference to explanatory sections.

It will be observed that the section provides in terms that pasturage of land without an inclosure may constitute an adverse possession. There can, therefore, be no further doubt upon this branch of the appellant's case. The question is, whether the pasturage must continue throughout the whole year. As stated above, the defendant's pasturage was only during the grazing season,— that is, from February to July,—the land during the balance of the year being " not pasturable."

We think, however, that this was sufficient, there being no one on the land meanwhile. It is a settled rule with reference to cases of this character that it is sufficient if, in the language of Field, C. J., in *Coryell* v. *Cain,* above quoted, the dominion and control is " by appropriate use, according to the particular locality and quality of the property." In this regard, Crockett, J.,

delivering the opinion in *Brumagim* v. *Bradshaw*, 39 Cal. 46, said: "The general principle which underlies all this class of cases is, that the acts of dominion must be adapted to the particular land, its condition, locality, and appropriate use. The philosophy of the rule is, that by such acts, the party proclaims to the public that he asserts an exclusive ownership over the land, and the acts which he performs are in harmony with his claim of title." (See also *English* v. *Johnson*, 17 Cal. 116, 117; 76 Am. Dec. 574.)

Now, we think that pasturing during the pasturing season is "appropriate use, according to the particular locality and quality of the property." To pasture the land when it was "not pasturable" would not only be not an appropriate use, but an impracticable one. In the case of cultivation, there is an interval of several months between the harvesting of one crop and the preparation of the soil for another. And there would be just as much sense in holding that the interval destroyed the continuity of the possession in the one case as in the other. To so hold would be in effect to hold for all practical purposes that adverse possession could not be acquired by pasturage. For obedience will be paid to nature's laws rather than to man's, and the thing supposed to be necessary would never be done. It is sufficient that the use is in accordance with the usual course of husbandry in the locality.

We are of opinion, therefore, that the defendant's evidence tended to make out a case of adverse possession. It must be admitted that the plaintiff's evidence in rebuttal was strong. But the question of credibility of the witnesses was for the court below. And under the well-settled rule, its conclusions as to the facts will not, under the circumstances, be disturbed.

The fact — if it be a fact — that the tract in controversy "used to be a kind of thoroughfare for stock going to the mountains" does not destroy the defendant's

right. Even if there was a right of way in the public for such purpose, it would not be inconsistent with the defendant's possession. (San Francisco v. Calderwood, 31 Cal. 589; 91 Am. Dec. 542.)

The case of Thompson v. Pioche, 44 Cal. 508, cited by counsel, does not militate against the conclusions we have reached.

It is proper to add, to prevent misconception, that in what we have said we have reference solely to the case before the court, viz., a use of land by one entering under color of title. It might be plausibly argued that where the use is by one claiming title "not founded upon a written instrument, judgment, or decree," section 325 of the Code of Civil Procedure would operate to prevent mere pasturage from being a sufficient adverse possession. As to that we express no opinion.

3. It is urged that the defendant cannot make out a case of adverse possession, because neither he nor his predecessors paid all the taxes. The facts are, that they paid the taxes from 1873 to 1884, except for the years 1877 and 1883. The non-payment for 1877 is immaterial, for the reason that section 325, which requires the payment of taxes as an element of adverse possession, was not passed until April 1, 1878, and is not retroactive. (Sharp v. Blankenship, 59 Cal. 288; C. P. R. R. Co. v. Shackelford, 63 Cal. 261; Johnson v. Brown, 63 Cal. 392.) Nor is the non-payment for 1883 important.

Taking the adverse possession to have commenced on May 24, 1875, the date of the issuance of the patent, the defendant acquired a title at the expiration of five years, viz., in May, 1880. The five years of adverse possession need not be next preceding the commencement of the action. (Cannon v. Stockmon, 36 Cal. 540; 95 Am. Dec. 205.)

We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.

Hearing in Bank denied.